**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Noah A.J. VANCE and Marcus Aaron Dixon, Defendants-Appellants.**

**Nos. 83–5341, 83–5342.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1983.

Decided Dec. 20, 1983.

Certiorari Denied April 16, 1984. See 104 S.Ct. 1923.

**518**

Gary S. Sergent (argued), O'Hara, Ruberg & Taylor, Covington, Ky., Court-appointed, for defendant-appellant in No. 83–5341.

Eldon L. Webb, Federal Public Defender, R. Neal Walker, Asst. Public Defender (argued), Lexington, Ky., for defendant-appellant in No. 83–5342.

Louis DeFalaise, U.S. Atty., James E. Arehart, Asst. U.S. Atty. (argued), Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and MARTIN, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.*

PER CURIAM.

Appellants Vance and Dixon were convicted for possession of firearms in violation of 18 U.S.C.App. § 1202(a)(1). In separate counts they were each charged with carrying a loaded handgun. The grand jury also charged both defendants with possession of three semi-automatic pistols and a UZI submachine gun. The four weapons were seized from a pickup truck. After a jury found both defendants guilty on both counts, the District Judge imposed two consecutive two-year sentences on each defendant.

Both defendants had previously been convicted on felony counts. On this appeal, appellant Dixon contends primarily that the District Judge's consecutive sentences for two convictions for possession of a firearm by a convicted felon were illegal because the government failed to prove that appellant "received the firearms on separate occasions."

█ In fact, however, the record shows that appellant Dixon was arrested after a visit to a dentist and before he entered the truck with the loaded firearm in his pocket. Appellant Vance admitted that, on separate occasions, he bought the UZI found in the truck as well as the weapon taken from his shoulder holster. The statute in question reads as follows:

> Any person who ... has been convicted by a court of the United States or of a state or any political subdivision thereof of a felony ... and who receives, possesses, or transports in commerce or affecting commerce ... any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

18 U.S.C.App. § 1202(a)(1).

This court has construed this criminal statute under the principle of lenity as forbidding the government to treat, as a separate offense, each weapon simultaneously possessed by a felon. *See United States v. Rosenbarger,* 536 F.2d 715, 720 (6th Cir. 1976). Here, however, there was evidence that Dixon possessed a loaded pistol while visiting a dentist's office, in addition to evidence that both he and Vance were in possession of the truck where the four weapons were found.

█ We believe there was evidence from which the jury could have found at least two separate possessions of weapons. As noted above, Vance has no basis for raising this issue.

We have reviewed the other questions presented by appellant. We find no reversible error in either conviction. The judgment of the District Court is affirmed.

---

\* Honorable Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.