815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. HUDSON, Defendant-Appellant.
 No. 86-3698.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's motion, informal brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Hudson pled guilty to five counts of receipt by a felon of firearms in interstate commerce and three counts of possession of firearms by a convicted felon. 18 U.S.C. Secs. 922(h)(1), 924(a) and 1202(a)(1). He received two five-year sentences for counts one and two, two two-year sentences for counts three and four and a one-year sentence for count five with all sentences to be consecutive. It was provided that he be credited for seven months served in the Stark County Jail on unrelated charges.
 
 
 3
 Hudson initiated several Rule 35, Federal Rules of Criminal Procedure, motions for correction of sentence alleging that only one sentence should have been imposed because all five counts of the indictment stemmed from one arrest, and that prison authorities have not credited him with the seven months he served in the Stark County Jail. All the motions were denied by the district court except for one filed on March 18, 1985. The government responded to the March 18 motion as directed by the district court and a hearing on the motion to correct sentence was held on April 17, 1986. At the hearing, the parties agreed to a reduction of the sentence from fifteen years to ten years and three months. However, Hudson then rejected the reduction, and the district court never accepted it. On July 9, 1986, an order was filed modifying the sentence to consecutive terms of five years as to count one, five years as to count two and two years as to count three with the first one year and five months of the sentence under count three sent into execution and the remaining seven months of the sentence suspended.
 
 
 4
 Although the March 18, 1985, Rule 35 motion was not filed within 120 days after the sentence was imposed as required by the rule, it will be treated on appeal as if it had been brought under 28 U.S.C. Sec. 2255. See Sica v. United States, 454 F.2d 281 (9th Cir. 1971). Upon review, we conclude that the district court properly vacated Hudson's convictions on two of the three counts of possession of firearms in violation of 28 U.S.C. Sec. 1202(a)(1). United States v. Vance, 724 F.2d 517 (6th Cir. 1983), cert. denied, 466 U.S. 942 (1984); United States v. Killebrew, 560 F.2d 729 (6th Cir. 1977). In addition, the district court could not require the seven months spent by Hudson in the Stark County Jail for an unrelated offense to be credited to the federal sentence. United States v. Dovalina, 711 F.2d 737 (5th Cir. 1983); United . . States v. Haney, 711 F.2d 113 (8th Cir. 1983). However, the district court properly modified the sentence to consecutive sentences of five years as to count one, five years as to count two, and two years as to count three with the first one year and five months of the sentence under count three sent into execution and the remaining seven months of the sentence suspended.
 
 
 5
 Accordingly, it is ORDERED that the judgment of the district court be affirmed and the motion for counsel be denied. Rule 9(d)(3), Rules of the Sixth Circuit.