Garnett R. LEACOCK, Petitioner–Appellant,

v.

Gary L. HENMAN, Warden, Leavenworth Prison, Respondent–Appellee.

No. 93–3003.

United States Court of Appeals, Tenth Circuit.

June 25, 1993.

Submitted on the briefs: *

Garnett R. Leacock, pro se.

No appearance was made on behalf of respondent-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner, proceeding pro se, appeals the district court's dismissal of his habeas petition. The district court denied Petitioner leave to proceed in forma pauperis in this court. We have jurisdiction under 28 U.S.C. § 1291, we grant Petitioner leave to proceed in forma pauperis on appeal, and we reverse and remand for further proceedings consistent with this opinion.

On October 22, 1992, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "and all other applicable statu[tes]." According to the petition,[1] Petitioner is serving a total of thirty-two years in federal custody, including a five-year escape sentence, and has a detainer from the state of New York for a twenty-five year to life sentence for a previous escape. Apparently,

Petitioner escaped twice from federal custody while being held in a county jail. It appears from the petition that Petitioner was tried in state court for the first escape and in federal court for the second.

Following his second escape, Petitioner was arrested and placed in Otisville Federal Correctional Institution in Otisville, New York. From there, he was transported to Syracuse, New York, where he represented himself on the federal escape charges. Petitioner alleges that during his stay at Otisville, he conducted a large volume of research, contacted a number of potential witnesses, acquired affidavits from these potential witnesses, and collected other general information that he wished to present to the federal district court. Petitioner further alleges that Federal Marshals, transporting him to federal court, did not allow Petitioner to bring these documents and materials, even though the Marshals were aware that he was representing himself and even after Petitioner pointed out that the documents and materials were essential to his defense. In the federal district court in Syracuse, Petitioner pleaded guilty to the federal escape charge and was sentenced to five years imprisonment to run consecutive to his twenty-seven year sentence on the federal conviction for which he was initially being held.[2] When Petitioner returned to Otisville after the trial, prison officials informed him that the documents and materials were lost.

Petitioner was then transported to Wampsville, New York, where he was tried in state court for the first escape. Petitioner again represented himself at his state proceedings and never received the lost documents and materials, which he alleges were necessary to his state defense. Although it is not clear whether Petitioner pleaded guilty to the state escape charges or was convicted following a trial, he was sentenced for this

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

1. Because our record is very limited, all facts are taken from Petitioner's habeas petition.

2. It is unclear whether Petitioner is alleging that the Marshals' deprivation of his legal materials led him to plead guilty instead of going to trial or whether the legal materials were relevant to sentencing or some other consideration.

conviction to twenty-five years to life, to be served consecutive to his federal sentences, after a determination by the state court that Petitioner was a persistent felony offender.

Following his state conviction, Petitioner was transferred back to federal custody and moved to the federal penitentiary in Marion, Illinois. Petitioner alleges that Marion prison officials frustrated his attempts to appeal his two escape convictions and denied him access to the courts by interfering with his legal mail. Petitioner was later moved to the federal penitentiary at Leavenworth, Kansas, where he presently resides. He alleges that legal documents and materials, which he apparently collected for appeal and habeas purposes, were lost by Leavenworth officials when he was moved to segregation after officials found contraband in his cell. In his habeas petition to the district court, Petitioner sought no damages but only sought relief from his federal and state escape sentences.

Upon review of Petitioner's habeas petition, the district court held that Petitioner was challenging conditions of his confinement rather than the fact or duration of his confinement, and therefore, could properly bring only a *Bivens* action against prison officials for their unconstitutional conduct. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (federal cause of action exists where a federal agent acting under color of federal authority violates a cognizable constitutional right). To arrive at this result, the district court construed *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), as preventing challenges to conditions of confinement in habeas proceedings. We review de novo. *Sinclair v. Henman*, 986 F.2d 407, 408 (10th Cir.1993).

■ First, the district court misconstrued *Preiser v. Rodriguez*. The Supreme Court in *Preiser* held only that when a prisoner challenges the fact or duration of his confinement, a habeas action is his sole federal remedy.[3] However, we need not address whether the district court's interpretation of *Preiser* was a proper extension of the *Preiser* holding, because we hold that Petitioner was not challenging a condition of confinement but was instead challenging the fact or duration of his confinement, making a habeas-type petition his proper avenue for attack.

■ Petitioner had a constitutional right to represent himself at both his state and federal proceedings. *See Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). Petitioner's allegations constitute a challenge to his federal and state escape convictions in that Federal Marshals and prison officials interfered with his Sixth Amendment right to self representation at his two escape trials. Because this states a challenge to the fact of his confinement, the district court should have construed his petition as a habeas petition, challenging his state escape conviction pursuant to 28 U.S.C. § 2254, and a motion attacking his federal sentence, challenging his federal escape conviction pursuant to 28 U.S.C. § 2255. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers).

■ With regard to the § 2254 challenge to the state escape conviction, we cannot ascertain from the record before us whether Petitioner has exhausted his state remedies in the New York courts.[4] *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S.

---

**3.** The Court did not hold that challenges to conditions of confinement were restricted to *Bivens* or 42 U.S.C. § 1983 actions. In fact, the Court in *Preiser* specifically reserved this issue for a later determination. *See Preiser*, 411 U.S. at 499–500, 93 S.Ct. at 1841 (habeas corpus may be available to challenge prison conditions, but Court "need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983").

**4.** Although Petitioner is not yet serving his state sentence, a § 2254 petition is properly brought

"by a person in custody pursuant to a judgment of either a state or a federal court, who makes application for a determination that *custody to which he may be subject in the future* under judgment of a state court will be *in violation of* the Constitution, laws, or treaties of the United States." Rules Governing § 2254 Cases, Rule 1(a)(2) (emphasis added); *see also Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968) (habeas writ is proper way to attack a consecutive sentence to be served in the future).

270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971) (requiring exhaustion of state remedies in § 2254 habeas proceedings). Therefore, we remand to the district court for this determination. If Petitioner has not exhausted his state remedies, the district court must dismiss the § 2254 petition without prejudice so that Petitioner can exhaust his remedies in state court.

■ With regard to the § 2255 challenge to the federal escape conviction, we hold that the district court has no jurisdiction to address this motion. A § 2255 motion can be made only to the court which imposed the sentence, *see* 28 U.S.C. § 2255, which according to Petitioner, is a district court in Syracuse, New York. Therefore, we remand to the district court with instructions to dismiss without prejudice.

REVERSED and REMANDED for further proceedings consistent with this opinion.