45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randall Robert MALEY, Plaintiff-Appellant,
v.
Thomas OSLA, Trial Judge; Ken James, District Attorney;
Gale A. Norton, Attorney General of the State of Colorado;
Donna Salmon; James P. Swanseen; Aristedes Zavaras,
Executive Director, Department of Corrections; Thomas
Cooper, Warden, Fremont Correctional Facility, Defendants-Appellees.
 No. 93-1366.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Randall Robert Maley appeals from the dismissal of his action which was styled as a civil rights complaint under 42 U.S.C. 1983, and which contained allegations of civil rights violations, but which sought habeas corpus relief under 28 U.S.C. 2254. The magistrate judge issued a report and recommendation, which was adopted by the district court, separately and alternatively addressing both the section 1983 claim and the habeas corpus claim, and recommending dismissal as to each.[2] We affirm for the reasons stated below.
 
 
 3
 As a general rule, a challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under the habeas statute with its requirement of exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991). On the other hand, a challenge to the conditions of confinement is cognizable under section 1983, which does not have similar exhaustion requirements. Preiser, 411 U.S. at 499-500; Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir.1993).
 
 
 4
 Regardless of how Maley has framed his complaint, it is clear that he challenges only the fact of his conviction and confinement. Thus, his sole federal remedy is habeas corpus. Leacock v. Henman, 996 F.2d 1069, 1071 (10th Cir.1993). Our affirmance of the district court's dismissal, therefore, is on habeas grounds.
 
 
 5
 The magistrate judge, to whom the case was referred, stated in his report to the district court that "[i]t does not appear that Mr. Maley has exhausted his state court remedies as to the potential habeas corpus issues raised in his Complaint." R. Vol. I, Doc. 4 at 5. On that basis, the magistrate judge recommended dismissal of the habeas petition. The magistrate judge's report also informed Maley of the consequences of his failure to object to the report: "[T]he failure to file written objections to the proposed findings and recommendations ... may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted by the District Court." Id. at 6. In its order of August 16, 1993, the district court adopted the magistrate judge's recommendations and dismissed Maley's habeas petition without prejudice. R. Vol. I, Doc. 8 at 2.
 
 
 6
 When a magistrate judge's report makes clear on its face the consequences of a pro se litigant's failure to raise a timely objection to the findings and recommendations contained therein, the litigant's failure to object is deemed a waiver of appellate review of both legal and factual questions. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); see also Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992).
 
 
 7
 Maley did file a protracted objection to the magistrate judge's report. He failed, however, to address the single ground upon which the magistrate judge based his recommendation that the habeas petition be denied: Maley's failure to exhaust his state court remedies. We conclude, therefore, that Maley has waived his right to appellate review on this issue. Furthermore, and in any event, nothing in the sparse record before us suggests that Maley has in fact exhausted his state remedies. Thus, the district court properly dismissed the petition without prejudice. Maley is not foreclosed from arguing the merits of his case, but he must do so in the proper forum, at an appropriate time, and in the proper manner.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district dismissed Maley's 1983 claim as to all defendants on the grounds that the defendants (1) were absolutely immune; (2) were not state actors; or (3) did not participate in the claimed civil rights violations. R. Vol. I, Doc. 8 at 1-2. Maley's habeas corpus claim was dismissed for failure to exhaust state remedies. Id. at 2