76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clayton B. PHILLIPS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6151.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from a district court order denying his joint application for habeas corpus relief under 28 U.S.C. 2241 and relief from sentence under 28 U.S.C. 2255. We review the district court's legal conclusions de novo and its factual findings for clear error, Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir.1995), and affirm for substantially the reasons stated in its order and judgment of February 28, 1995.
 
 
 3
 While in federal custody pursuant to a writ of habeas corpus ad prosequendum directed to his Texas custodians, petitioner pled guilty in the Western District of Oklahoma and was sentenced to twenty years' imprisonment "to run consecutive to any sentence presently being served." R. I doc. 2, exhibits at 1. In fact, no other sentence was then in effect. Petitioner was returned to Texas to resume pretrial custody there, subject to federal and state detainers. The Texas (and intervening Arkansas) charges were eventually dismissed, but a new prosecution had been initiated in Colorado in the meantime. Accordingly, petitioner was transferred to Colorado, where he was prosecuted, sentenced, and incarcerated. He now challenges the imposition and (future) execution of his federal sentence, on the grounds that: (1) the sentencing process was tainted by the court's erroneous belief that he was subject to another sentence; (2) his sentence was uncertain with respect to commencement, preempted subsequent state sentencing options, and usurped the Attorney General's authority to designate the place and time of federal confinement; (3) the sentencing court failed to specify credit for presentence confinement; (4) he was not informed that service of the federal sentence might be delayed until after the (then nonexistent) Colorado sentence; and (5) the government breached its plea agreement by postponing his federal custody, and, hence, the immediate commencement of his federal sentence.
 
 
 4
 The 2241 component of this action, which challenges the execution of petitioner's federal sentence and, accordingly, must be brought in the district of confinement after exhaustion of administrative remedies, see Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989), was properly dismissed for lack of jurisdiction. More specifically, we note that the effect of petitioner's presentence/state confinement, a matter for the Attorney General to resolve with administrative recourse available to--and obligatory for--the dissatisfied inmate upon his receipt into federal custody, see United States v. Wilson, 503 U.S. 329, 331-33, 335 (1992); Martinez v. United States, 19 F.3d 97, 98-99 (2d Cir.1994), is not before us at this time.
 
 
 5
 As for petitioner's 2255 challenge to the federal sentence following upon completion of his Colorado confinement, petitioner satisfies the jurisdictional requirement that he be "in custody pursuant to a judgment of a state ... court and subject to future custody under a judgment of the district court [to which the 2255 motion is directed.]" Rule 1(2) of the Rules Governing Section 2255 Proceedings; see, e.g., Simmons v. United States, 437 F.2d 156, 158-59 (5th Cir.1971); cf. Leacock v. Henman, 996 F.2d 1069, 1071 n. 4 (10th Cir.1993)(applying corresponding provision of Rules Governing Section 2254 Cases). Here, petitioner's claims fail on the merits.
 
 
 6
 A federal sentence is not invalid merely because it makes a prudential accommodation for other possible sentences that, as it happens, do not exist. Nor is such a sentence illegal because it may not commence until a future transfer of the defendant from state to federal custody.[2] "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." United States v. Ballard, 6 F.3d 1502, 1507 (11th Cir.1993) (citations and internal quotations omitted); see also Hernandez v. United States Attorney Gen., 689 F.2d 915, 919 (10th Cir.1982)("The law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted prisoner."). Moreover, petitioner's alleged misunderstanding of these administrative principles does not invalidate his guilty plea. Williams v. United States, 500 F.2d 42, 44 (10th Cir.1974); accord United States v. Ferguson, 918 F.2d 627, 630-31 (6th Cir.1990). Finally, petitioner has effectively abandoned any claim that the government breached a promise to commence immediate federal custody, in light of his failure to challenge the conclusive factual findings of the district court that this claim was "flatly contradicted by the terms of the written plea agreement," R. I doc. 24, at 4. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n. 7 (10th Cir.1990).
 
 
 7
 We have considered all of petitioner's arguments and, whether explicitly addressed or tacitly rejected, each has been found to lack merit. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 We note that, contrary to one version of petitioner's argument, the district court did not order that his federal sentence run consecutive to a future sentence to be imposed in a then-nonexistent state (Colorado) prosecution. Such an order might indeed have been fatally indefinite. Cf. United States v. Williams, 46 F.3d 57, 59 (10th Cir.) (sustaining federal sentence ordered to "commence[ ] upon completion of any state sentence imposed in a case that was pending at the time the federal district court sentenced [the defendant] " (emphasis added)), cert. denied, 116 S.Ct. 92 (1995). However, delayed commencement of petitioner's federal sentence was not directed by the district court, but appears, rather, to be an adventitious consequence of his continuing interim state custody