**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GARNETT R. LEACOCK,

Petitioner-Appellant,

v.

GARY L. HENMAN, Warden,
Leavenworth Prison,

Respondent-Appellee.

No. 97-3034
(D.C. No. 92-3395-RDR)
(D.Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Garnett R. Leacock, appearing pro se and proceeding in forma pauperis, requests a certificate of appealability to appeal the district court's denial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We conclude Leacock is not entitled to a certificate of appealability and dismiss the appeal.

Leacock is currently confined in a federal facility in Atlanta, Georgia, but he was confined at the federal penitentiary in Leavenworth, Kansas, when he filed his petition in 1992. Leacock sought to challenge federal and state convictions for escape, claiming prison officials and federal marshals violated his right to self-representation by interfering with his mail and misplacing legal documents. The district court construed the petition as a Bivens action and dismissed it. On appeal, we reversed and remanded, concluding the petition should have been construed under both 28 U.S.C. § 2254 and § 2255. Leacock v. Henman, 996 F.2d 1069, 1071 (10th Cir. 1993). On remand, the district court was directed to dismiss the § 2255 portion of the petition challenging Leacock's federal escape conviction without prejudice to allow him to refile in federal court in New York (where he was convicted). With respect to the § 2254 portion of the petition, we noted it was unclear whether Leacock had exhausted his state remedies in New York and directed the district court to make such determination and, if necessary, to dismiss the action without prejudice to allow Leacock to exhaust his state court remedies.

The district court followed our directive and dismissed the § 2255 portion of the petition. The court ordered Leacock to show cause why his § 2254

-2-

challenge to his New York state conviction should not be dismissed without prejudice for failure to exhaust state court remedies. In response, Leacock stated he had "in fact exhausted his available state remedies," but he did not provide any specifics in support of his statement. Appendix I, tab 20. Accordingly, the court dismissed the § 2254 portion of the petition without prejudice. Leacock filed a motion for reconsideration asking the district court to "require the State of New York to respond so that the Court can determine if the exhaustion requirements have been satisfied." Appendix I, tab 22. The motion for reconsideration was denied and the district court denied Leacock a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a § 2254 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(A). A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the

questions presented are deserving of further proceedings.  See Barefoot, 463 U.S. at 893 n.4.

A person seeking habeas relief under § 2254 must first exhaust the remedies available in the courts of the state of conviction.  See 28 U.S.C. § 2254(b).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Having reviewed the record on appeal, we agree with the district court that Leacock has failed to demonstrate exhaustion of his state court remedies.  In particular, he has not demonstrated through copies of state court pleadings or through his own allegations that he directly appealed his state conviction or sought post-conviction relief in state court.  Absent any indication that he has done so, and absent any information concerning the issues raised in state court, Leacock has not satisfied the exhaustion requirement of § 2254(b).

The application for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
