Gwyenne PHILLIPS, Petitioner–
Appellant,

v.

Stephen W. KAISER, Warden,
Davis Correctional Facility,
Respondents–Appellees.

No. 01–6154.

United States Court of Appeals,
Tenth Circuit.

April 9, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT[*]

LUCERO, Circuit Judge.

Gwyenne Phillips, a state prisoner currently held at the Davis Correctional Facility in Oklahoma, appeals the dismissal of his habeas petition by the district court. We affirm.

### I

On July 24, 1989, Phillips was sentenced in federal district court to a sixty-month prison sentence and three years of supervised release after pleading guilty to one count of possession of a firearm by a former felon in violation of 18 U.S.C. § 922(g)(1). After his release from federal prison, Phillips pled guilty on May 18, 1995, in Oklahoma state court to robbery with a firearm. The state court sentenced Phillips to fifteen years imprisonment, a sentence that Phillips is currently serving. The Judgment and Sentence from the state court proceedings indicates that the state court sentence is to be served concurrently with "CR–89–31 W (Federal revocation in Western District of OK)."[1] On June 22, 1995, the federal district court revoked Phillips' supervised release and imposed a term of incarceration of eighteen months in prison, to run consecutively to the state court term. Custody of Phillips was temporarily surrendered by the Oklahoma authorities so that Phillips could appear in the federal district court for the revocation hearing, and after the hearing Phillips was returned to state custody, where he remains.

On December 7, 2000, Phillips filed a "Motion for Habeas Corpus Removal to Custody of the Attorney General of the United States of America Bureau of Prisons." In that motion, Phillips argued that the federal district court had "wrongly returned" him "to the custody of the State of Oklahoma rather [than] the custody of the United States Attorney General," and that this action "encroach[ed] upon and supersed[ed] the sentencing powers of the [state court] and depriv[ed] petitioner of the benefits of his plea and sentencing agreement" because "his state terms [were] to run concurrently with his federal terms until expiration of his federal

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. 89–CR–31 W is the case number assigned to the proceedings related to Phillips' federal conviction in 1989.

terms." (R. Doc. 49 at 3.) Phillips further argued that he had always remained under the jurisdiction of the federal court throughout the state court proceedings, and that the state had surrendered jurisdiction over Phillips until any federal sentence had expired. (*Id.*)

The State of Oklahoma and the United States both filed responses to Phillips' petition. Construing Phillips' habeas petition as a motion brought pursuant to 28 U.S.C. § 2255, the State argued that Phillips' petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The United States likewise argued that, to the extent Phillips raised a claim that might be cognizable under § 2255, the petition was time-barred. The United States further contended, however, that Phillips' petition should be construed as challenging his state custody pursuant to either 28 U.S.C. § 2254 or § 2241, that it was therefore subject to exhaustion requirements, and that it had been filed in the wrong court.

In response, Phillips contended that the "petition is not one which challenges his conviction or his [sentence], but rather his custody within the state [warden's] control." (R. Doc. 53 at 1.) Phillips further asserted that he had never received notice of the federal court's suspension of his supervised release, that the state had effectively granted him a pardon by releasing him to federal custody or by making his sentence concurrent to the federal one, and that the time-bar limits of AEDPA are unconstitutional. (*Id.*)

In its analysis, the district court concluded that Phillips' petition could be construed in three possible ways: (1) as a 28 U.S.C. § 2254 petition challenging his state conviction; (2) as a 28 U.S.C. § 2241 petition challenging the execution of his sentence; or (3) as a 28 U.S.C. § 2255 motion challenging the revocation of his supervised release in federal court. The district court then concluded that if the matter was construed as a § 2254 petition, it should be dismissed for failure to exhaust state remedies. It further concluded that if it was construed as a § 2241 petition, it should be dismissed because it had been filed in the wrong district court, and that if it was construed as a § 2255 motion, it should be dismissed as time-barred. Phillips' request for a certificate of appealability from the district court was denied. He then filed a notice of appeal.

**II**

There are four ways in which we could construe Phillips' "Motion for Habeas Corpus Removal to Custody of the Attorney General of the United States of America Bureau of Prisons": (1) as a § 2254 petition challenging the validity of his state conviction or sentence; (2) as a § 2255 motion challenging the validity of his federal conviction or sentence; (3) as a § 2241 petition challenging the execution of his state sentence; or (4) as a § 2241 petition challenging the execution of his federal sentence. *See, e.g., Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir.1996) (distinguishing § 2255 and § 2241 petitions).

Phillips' motion cannot be a § 2254 petition. On appeal, Phillips insists that he is not challenging the validity of his conviction or sentence, and we agree. His claim rests on the ruling by the state court that his state sentence was to run concurrently with the federal sentence. If his claim is to succeed, he cannot be challenging the validity of the state conviction or judgment.[2]

**2.** Even if Phillips were in fact challenging his state conviction, his petition would be time-barred under the AEDPA one-year period of limitation, which generally begins to run from

Phillips' motion might be a § 2255 petition. He argues that his federal sentence must be served concurrently with, rather than consecutively to, his state sentence. In other words, he contends that the district court erred in ruling that the federal sentence should run consecutively to the state sentence, an argument that is a challenge to the validity of the federal revocation of his supervised release. Nonetheless, to the extent that Phillips' motion is construed as a § 2255 petition, his claim is time-barred because it was filed more than one year after the supervised release revocation hearing, and more than one year after the effective date of AEDPA on April 24, 1996. *See* 28 U.S.C. § 2255 (imposing a one-year period of limitation on habeas motions under that section, with the period of limitation to run usually from "the date on which the judgment of conviction becomes final"); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997) (holding that prisoners generally have one year from the effective date of AEDPA to challenge convictions that became final prior to that date). Phillips' claim that any such time limitation in AEDPA is an unconstitutional suspension of habeas corpus has been rejected by this Court. *Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998).[3]

Phillips' claim might also be a § 2241 petition challenging the execution of either his state or federal sentence. It could be a challenge to the execution of his state sentence because Phillips is currently in state custody, has named the warden of the state prison where he is confined as a defendant, and has argued that it is improper for the state to confine him until his federal sentence is completed. It also could be a challenge to the execution of his federal sentence, in that Phillips may be arguing that the federal government erred in transferring him back to state custody after the revocation hearing. *Cf. Romandine v. United States*, 206 F.3d 731, 738 (7th Cir.2000) (stating that a "legal error one way or the other in the exercise" of the Attorney General's power to decide whether a federal sentence should be served concurrently or consecutively with a state sentence, and whether time spent in state prison should be credited to a federal sentence, "could be reviewed under § 2241"); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir.1986) (construing a petition as falling under § 2241 when a prisoner requests immediate release from federal custody on the ground that his federal sentence ran concurrently with his state sentence).

Nonetheless, whether or not Phillips is challenging the execution of his state or federal sentence, he filed his petition in the wrong district court. "A petition under 28 U.S.C. § 2241 ... must be filed in the district where the prisoner is confined."[4]

---

the "date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). Because Phillips' state sentencing occurred before the effective date of AEDPA on April 24, 1996, he had one year from that date to file his petition. *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir.1998). Because his petition was not filed until December 6, 2000, it would be time-barred.

**3.** Phillips argues that he never had notice of the imposition of the consecutive federal sentence. We find this argument implausible given that Phillips was present at the revocation hearing in which the consecutive sentence was imposed.

**4.** Phillips insists on appeal that certain provisions of the United States Code and the Federal Rules of Civil Procedure grant the Western District of Oklahoma jurisdiction over his claim. However, our clear holding that § 2241 petitions must be filed in the district in which the prisoner is confined forecloses Phillips' argument. *Bradshaw*, 86 F.3d at 166.

*Bradshaw*, 86 F.3d at 166. As the district court noted, Phillips' place of confinement is within the jurisdiction of the Eastern District of Oklahoma.

 Under 28 U.S.C. § 1631, where jurisdictional defects arise because of the filing of a lawsuit in the wrong district court, we must order the transfer of the case to the proper district court "if the transfer is in the interests of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000) (quotation omitted). Whether Phillips would now be time-barred from making a new filing in the proper district court is a factor that we may take into consideration in deciding whether to order a transfer. *Id.* If Phillips' petition proceeds under § 2241 and challenges the execution of his state sentence, there is a risk that he will be barred from filing a new petition by AEDPA's one-year period of limitation. 28 U.S.C. § 2244(d)(1). Moreover, there is no indication that Phillips' filing in the wrong district court was motivated by bad faith, another factor we may consider. *Haugh*, 210 F.3d at 1150.

However, before transferring we are also authorized to take a " 'peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id.* We therefore examine the merits of Phillips' claims to see if his case is "clearly doomed," keeping in mind our mandate to construe pro se pleadings liberally. *Leacock v. Henman*, 996 F.2d 1069, 1071 (10th Cir.1993).

### III

 The first, and most plausible, interpretation of Phillips' claims is that it was improper for the federal district court to impose a consecutive federal sentence when it revoked Phillips' supervised release after the state court had indicated that the state sentence was to be served concurrently with any future federal sentence. However, the federal court was not bound by the determination of the state court as to whether the federal sentence should be consecutive or concurrent. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir.1995) ("[A] federal court's determination that a federal sentence run consecutive to a state sentence 'is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.' " (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991))). If a state court has no power to override a federal sentence after the fact, it also has no power to limit the ability of a federal court to impose a federal sentence before the federal court acts. Thus, Phillips' argument that the district court had no jurisdiction to impose the consecutive sentence is meritless.

 Phillips' next argument—that the federal government had "primary jurisdiction" over him because of his continuing supervised release, such that after the conclusion of the state court proceedings the State was required to transfer custody of Phillips back to the federal government— is unsupported. Phillips provides no legal citation or argument for the claim, and we find no grounds for agreeing with it. *See Bloomgren*, 948 F.2d at 690–91 (holding that the state had no obligation to transfer to the federal government, and the federal government had no obligation to receive, a state prisoner who had been released on bail from federal custody before his state conviction and who sought to have his federal sentence served first); *see also* 18 U.S.C. § 3585 (stating that a federal sentence does not commence until the prisoner arrives at the facility at which the sentence is to be served).

■ Finally, Phillips contends that the State effectively pardoned him when the state court ruled that the state sentence was to run concurrently with the federal sentence, or alternatively that he was pardoned when the State temporarily transferred custody of him to the federal government for the supervised release revocation hearing. One of the cases that Phillips cites, *Shields v. Beto*, 370 F.2d 1003, 1004 (5th Cir.1967), involved a state that had released a prisoner from prison and waited almost thirty years before attempting to rearrest the prisoner for an unserved sentence. *Beto* presents a materially different factual scenario from the present one, where the state has continually held custody over the prisoner since his sentencing. The other case cited by Phillips, *Thompson v. Bannan*, 298 F.2d 611, 616 (6th Cir.1962), specifically rejected a prisoner's claim that extradition by one state to another for trial automatically waived the first state's right to prosecute the prisoner. Moreover, the transfer of Phillips by the State to federal court for the sole purpose of allowing the federal government to revoke Phillips' supervised release did not amount to a surrender of control by the State over Phillips. *See Hernandez v. U.S. Attorney Gen.*, 689 F.2d 915, 918 (10th Cir.1982) (stating that when state officials temporarily transferred custody over a prisoner for federal proceedings pursuant to a writ of habeas corpus ad prosequendum, they "did not relinquish jurisdiction" over the prisoner and "he continued to be a 'state prisoner' ").[5]

Because all of Phillips' claims are without merit, we conclude that transfer is not in the interests of justice.[6] Moreover, we deny Phillips' petition for a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right such that reasonable jurists could debate whether the petition should be resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

## IV

Phillips' application for a certificate of appealability is DENIED,[7] and this matter is DISMISSED.

The mandate shall issue forthwith.

**5.** For the same reason, any claim that Phillips might be making that his federal sentence began to be served when he was temporarily transferred to control of the federal government fails, because under 18 U.S.C. § 3585 he had not been transferred to "the official detention facility at which the sentence is to be served," and therefore the sentence had not commenced. *See Hernandez*, 689 F.2d at 918; *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir.1964).

**6.** Phillips has also presented a motion before this court to order the production of his supervised release hearing transcript. Because we have concluded that Phillips is time-barred from challenging the validity of his supervised release revocation, because Phillips has not indicated why this transcript would be relevant to the outcome of this case, and because none of Phillips' claims have any merit, we deny his motion.

**7.** To the extent that Phillips' petition is a § 2241 challenge to the execution of his federal sentence, the certificate of appealability requirements of AEDPA do not apply, *Bradshaw*, 86 F.3d at 166, and we deny Phillips' petition on the merits.