**Mario Orlando LEWIS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–3606.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Mario Orlando Lewis, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lewis was convicted in 1990 after a jury trial of aiding and abetting the distribution of cocaine (21 U.S.C. § 841(a)(1)), use of a firearm during a felony drug offense (18 U.S.C. § 924(c)), and felon in possession of a firearm (18 U.S.C. § 922(g)). His conviction and sentence were affirmed on direct appeal. *United States v. Lewis*, Nos.

90–1786, 90–1799, 1991 WL 37790 (6th Cir. March 20, 1991) (unpublished).

On March 27, 2002, Lewis filed his habeas petition under § 2241 claiming that he could not be convicted of distributing cocaine when the proof was that he distributed crack cocaine. He further claims that he should not have been sentenced for crack cocaine under the Sentencing Guidelines when the judgment and commitment order showed that he was convicted only for cocaine distribution. The district court dismissed the § 2241 petition because it challenged Lewis's conviction and the imposition of his sentence rather than its execution. This timely appeal followed.

Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999), we conclude that the district court properly dismissed Lewis's § 2241 habeas petition for the reasons stated by that court. A federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. § if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credits. *See United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir.1991). A federal prisoner seeking to challenge his conviction or the imposition of his sentence does not file a petition for a writ of habeas corpus, but rather a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). As a review of Lewis's petition reveals that he is clearly challenging the iemposition of his sentence, his claim should have been brought in a motion to vacate sentence under § 2255. Lewis's § 2255 remedy is not rendered "inadequate" or "ineffective" under the statute merely because the sentencing court de-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District

of Michigan, sitting by designation.

nied his prior § 2255 motion. *See Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988); *Johnson v. Petrovsky,* 626 F.2d 72, 73 (8th Cir.1980).

Finally, we note that the district court properly decline to construe the § 2241 petition as a motion to vacate Lewis's sentence under § 2255, as that motion must be filed in the court that imposed the sentence. *See Massey v. Chandler,* No. 97–5389, 1998 WL 69109 (6th Cir. Feb. 10, 1998) (citing *Leacock v. Henman,* 996 F.2d 1069, 1072 (10th Cir.1993)).

Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.