**UNITED STATES COURT OF APPEALS**

**June 27, 2008**

**TENTH CIRCUIT**

DANNY R. WARD,

      Petitioner-Appellant,

    v.

GREG PROVINCE, Warden,

      Respondent-Appellee.

No. 08-7007

Eastern District of Oklahoma

(D.C. No. 06-CV-00469-JHP-KEW)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Danny R. Ward, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Ward has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

**Background**

Ward entered the custody of the Oklahoma Department of Corrections on September 10, 1998, to serve a twenty-year sentence for manufacture of a controlled dangerous substance after previously being convicted of a felony.

In 1997, Oklahoma adopted the Truth in Sentencing Act, which established sentencing matrices for every criminal violation. It applied to crimes committed on or after July 1, 1998. This section of the Act was repealed before it became effective. As applied to offenders who were convicted and sentenced prior to July 1, 1998, the Act set initial docket dates for parole consideration at either a percentage of the mid-point of the sentencing matrix for the crime, or at one-third of the actual sentence, whichever was earlier. Okla. Stat. tit. 57, § 332.7(A). Under the Act, Mr. Ward was assigned an initial docket date of November, 2004, one third into his sentence. This was the earlier of the two calculations. The docket date gave Mr. Ward credit for time he had previously served in County Jail.

Because he escaped from custody on November 30, 1998, and was not returned to the custody of the Department of Corrections until April 23, 2004, Mr. Ward was not considered for parole on the November, 2004, docket. His new docket date of April, 2010, adds five years and five months—the time period during which he was not in custody—to the original November, 2004 date.

**Discussion**

The denial of a motion for relief under 28 U.S.C. § 2241 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Ward first claims that the Truth in Sentencing legislation granted him a right to consideration for commutation by the Governor, based on the matrices it provides for calculation of criminal sentences. The part of the legislation establishing substantive sentences never applied to Mr. Ward, however, because he committed his crime prior to July 1, 1998. The legislation applied to Mr. Ward only for purposes of calculating the date of his eligibility for parole. *Seegars v. Ward*, 124 Fed. App'x 637, 639 (10th Cir. 2005). Because there is no constitutionally protected liberty interest in parole when the grant of parole is discretionary—as it is under Oklahoma's statutory scheme—Mr. Ward has no constitutional right to consideration of commutation. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 8–10 (1979); *Shabazz v. Keating*, 977

P.2d 1089, 1093 (Okla. 1999); *Phillips v. Williams*, 608 P.2d 1131, 1134 (Okla. 1980) (describing the extensive discretion granted to the Oklahoma Parole Board and the Governor in granting parole under Oklahoma's statutory scheme). Neither does the mission statement of the Department of Corrections create a constitutionally protected liberty interest in recommendation of commutation. Okla. Stat. tit. 22, § 1514.

Mr. Ward next claims that his procedural due process rights were violated when the Pardon and Parole Board failed to respond to a letter he wrote on October, 2005, requesting consideration for commutation of his sentence on the next available docket. This argument also lacks merit. Upon concurrence of three members, the Board has authority to consider clemency for an incarcerated offender out of the normal processing procedure. Okla. Stat. tit. 57, § 332.7(K). Because the Board receives hundreds of requests for clemency, however, they notify only those offenders who are granted consideration outside the normal processing procedure. No response means that the Board has denied the request. The Board is not required to give reasons for denial of parole. *Phillips*, 608 P.2d at 1134. The Board has discretion to decide whether to consider an offender for clemency, so there is no constitutionally protected liberty interest.

To the extent that Mr. Ward is also challenging the validity of his conviction and sentence, a § 2241 action is not the appropriate method to pursue

his claims.  Such claims are properly brought under a § 2254 motion for a writ of

habeas corpus.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

**<u>Conclusion</u>**

Because Mr. Ward's petition has failed to assert the denial of a

constitutional right, we **DENY** Mr. Ward's request for a COA and **DISMISS** this

appeal.

Entered for the Court,


Michael W. McConnell
Circuit Judge