**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 16-6219
(D.C. No. 5:15-CV-01311-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

      After Alvin Parker was convicted in Oklahoma of second degree murder, he filed an unsuccessful application with the Oklahoma Pardon and Parole Board seeking a commutation of his sentence. This, in turn and eventually, led him to file a petition seeking habeas relief in federal court. In his petition, Mr. Parker alleged that he is entitled to habeas relief because "the Parole Board arbitrarily denied Petitioner the right to be considered for commutation" and because he was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"denied his right to an impartial investigation and study of his application for commutation." On this basis, he claimed the denial of commutation violated his rights under the Due Process Clause of the Fourteenth Amendment.

The district court construed Mr. Parker's petition as an action for relief under 28 U.S.C. § 2241. The state court that sentenced Mr. Parker is located in the territorial jurisdiction of the Western District of Oklahoma. However, he is currently confined in the territorial jurisdiction of the Northern District of Oklahoma.

Some Tenth Circuit decisions hold that only the district of confinement has jurisdiction over § 2241 actions. *E.g.*, *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Phillips v. Kaiser*, 47 F. App'x 507, 510 (10th Cir. 2002) (unpublished). Others suggest a different rule for petitioners "under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts." 28 U.S.C. § 2241(d). In such cases, it is argued, both the district of confinement and the district of the sentencing court should have concurrent jurisdiction. *E.g.*, *Green v. Sirmons*, No. 07-924-W, 2008 WL 649202, at *2, *7 & n.11 (W.D. Okla. Mar. 10, 2008).

The district court did not weigh in on this dispute, though, because it found that under either approach, Mr. Parker's appeal should be dismissed. If the court lacked jurisdiction, it found, it would then have the choice between (1) ordering the dismissal of the petition or (2) if it would be in the interests of justice,

transferring the proceedings to the appropriate district. To see if such a transfer would be in the interests of justice, district courts are permitted to "take a peek" at the merits to avoid transferring a "clearly doomed" petition. *Phillips*, 47 F. App'x at 511 (internal quotation marks omitted). Taking this glance, the district court found that Mr. Parker's due process claim was "clearly doomed" on the merits, given that he has no inherent constitutional right to an early release from his sentence and given that Oklahoma law itself creates no such liberty interest. Accordingly, the court held, the commutation procedures Mr. Parker sought to challenge could not have violated his constitutional rights.

Alternatively, in the event the district court *did* have jurisdiction under § 2241, it found it would still dismiss the petition pursuant to its screening authority under Rule 4 of the Rules Governing § 2254 Cases, on the ground that it "plainly appears from the petition" that Mr. Parker was "not entitled to relief" for the reasons outlined above.

The court then proceeded to deny Mr. Parker a certificate of appealability (COA) and leave to proceed *in forma pauperis* on appeal. Now before us, Mr. Parker renews his requests for a COA and to proceed *in forma pauperis.*

To receive a COA, Mr. Parker must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Parker has not met this standard. Under Oklahoma law, upon favorable recommendation by a majority vote of the Pardon and Parole Board, the power to commute a sentence is in the sole discretion of the Governor. Okla. Stat. tit. 57, § 332.2(A). Thus, the prospect of commutation is "necessarily a speculative event," one in which the prisoner "has no liberty interest protected by the Due Process Clause." *Dopp v. Patton*, No. CIV-14-453-D, 2014 WL 3700852, at *2-3 (W.D. Okla. July 25, 2014); *accord Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008) (unpublished). So, Mr. Parker's claim was, indeed, "clearly doomed," and the district court was right to order its dismissal.

The application for a COA and the motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed. Mr. Parker is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge