**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN R. BARELA,

     Petitioner - Appellant,

v.

WYOMING DEPT. OF CORR.
HONOR CONSERVATION CAMP
WARDEN TODD MARTIN, in his
official capacity,

     Respondent - Appellee.

No. 20-8016
(D.C. No. 1:19-CV-00011-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal grew out of Mr. Steven Barela's habeas action involving

two disciplinary proceedings. The first proceeding involved Mr. Barela's

participation in a program involving dogs. Authorities suspected that Mr.

Barela had committed a disciplinary violation by feeding human food to a

_____

[*]    Mr. Barela seeks oral argument, but it would not materially help us
to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R.
32.1(A).

dog. The second proceeding involved a disciplinary allegation that Mr. Barela had threatened other inmates.

Both proceedings resulted in disciplinary sanctions, which led Mr. Barela to seek federal habeas relief based on a denial of due process, violation of equal protection, and violation of the state constitution. The district court awarded summary judgment to the respondent (Warden Todd Martin), denied Mr. Barela's motion for a certificate of appealability on the due-process claims, and granted a certificate of appealability on the equal-protection claims. Mr. Barela seeks a certificate on the due-process claims and appeals the dismissal of his other claims.

**1.      Construction of Mr. Barela's Opening Appeal Brief**

His opening appeal brief consists of only a few words and contains no argument. But he attaches several briefs from district court. Because he is pro se, we liberally construe his opening appeal brief to include the arguments in these attachments. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**2.      The Due-Process Claims**

In his habeas petition, Mr. Barela claimed that prison authorities had failed to provide due process in the two disciplinary proceedings. The district court rejected these claims, reasoning that the disciplinary sanctions had not involved a protected interest.

To appeal this ruling, Mr. Barela needs a certificate of appealability. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (concluding that a certificate of appealability is required for state prisoners seeking to appeal the denial of habeas relief filed under 28 U.S.C. § 2241). The test for granting a certificate is generous, permitting a certificate if the summary-judgment ruling was reasonably debatable. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). We must apply this generous test in light of the standard of review, the test for summary judgment, and the underlying requirements for due process.

If we were to entertain the appeal on the due-process claims, we would engage in de novo review of the award of summary judgment. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001). To apply this standard, we would view the evidence favorably to Mr. Barela and uphold the summary-judgment ruling only if the respondent had shown a right to judgment as a matter of law and the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(a).

In an appeal, we would apply this standard to the underlying substantive requirements for a due-process claim. These requirements include the existence of an interest in life, liberty, or property. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Of these interests, the only

3

conceivable possibility is a liberty interest.[1] So we must decide whether the summary-judgment evidence suggested a possible liberty interest.

We consider the existence of a liberty interest for the various restrictions imposed on Mr. Barela. These restrictions started when authorities put Mr. Barela in restricted housing during an investigation into possible disciplinary charges. In the eventual disciplinary hearing, authorities found Mr. Barela guilty and sanctioned him with lost time for recreation and television.

While in restricted housing, Mr. Barela attended a hearing to consider his request for commutation. Because he remained in restricted housing, he had to appear in restraints. His bid for commutation was unsuccessful, and Mr. Barela attributes the outcome to his appearance in restraints.

Given the outcome of the disciplinary proceedings, we consider whether a fact-finder could reasonably infer a liberty interest from the loss of time for recreation or television, placement in restricted housing, or prejudice to the bid for commutation. In our view, none of these consequences could have triggered a liberty interest.

---

[1] Mr. Barela also contends that some of his property was lost. But the disciplinary proceedings didn't lead to an order depriving Mr. Barela of any property. Any loss of property would have resulted only indirectly from the disciplinary proceedings.

Virtually all prisoners are subject to numerous restrictions, and violations typically carry a variety of sanctions. These sanctions affect a liberty interest only when they restrain freedom significantly and atypically "in relation to ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1974). So we consider the typicality and significance of the disciplinary sanctions ultimately imposed on Mr. Barela.

These sanctions included a temporary loss of television (15 days) and recreation privileges (45 days). These are common sanctions in prisons, so they couldn't possibly trigger a liberty interest. *See, e.g.*, *Grady v. Garcia*, 506 F. App'x 812, 814-15 (10th Cir. 2013) (unpublished) (affirming the award of summary judgment on an inmate's due-process claims regarding loss of time for television and recreation); *Marshall v. Morton*, 421 F. App'x 832, 838 (10th Cir. 2011) (unpublished) (stating that "restrictions on an inmate's . . . recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause").

Mr. Barela was also put in restricted housing for fifteen days. Placement in restricted housing can be considered significant and atypical based on four factors:

1.    the furtherance of a legitimate penological objective,

2.    the existence of extreme conditions,

5

3.	the potential extension of the prisoner's confinement, and

4.	the absence of a time restriction on the placement in restricted housing.

*DiMarco v. Wyoming Dep't of Corrs.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

All of these factors weigh heavily against Mr. Barela. Authorities had a legitimate reason to put Mr. Barela in restricted housing: They needed to investigate the disciplinary charges. That investigation proceeded quickly, so Mr. Barela ultimately spent only fifteen days in restricted housing and wasn't subjected to extreme conditions. Nor was his confinement extended from the placement in restrictive housing. So no fact-finder could reasonably infer a liberty interest from Mr. Barela's placement in restricted housing.

His placement in restricted housing coincided with the timing of Mr. Barela's commutation hearing. So he had to appear in restraints, which he blames for the ultimate decision to deny commutation.

But commutation is a discretionary remedy that requires a recommendation from the Parole Board and a favorable decision from the Governor. WYO. STAT. ANN. § 7-13-401(f); WYO. CONST. art. IV, § 5. Given the discretion of the Parole Board and the Governor, any effect on the commutation hearing would not trigger a liberty interest. *See, e.g.*, *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981) (concluding

6

that the Connecticut commutation statute does not create a protected liberty interest because the statute does not require commutation); *Parker v. Dowling*, 664 F. App'x 681, 682 (10th Cir. 2016) (unpublished) (stating that the possibility of commutation did not create a liberty interest because commutation was discretionary).

\* \* \*

No reasonable jurist could find a protected liberty interest based on the summary-judgment evidence. As a result, no reasonable jurist could debate the correctness of the district court's award of summary judgment on the due-process claims. We thus deny a certificate of appealability on these claims.

**3.    The Equal-Protection Claims**

Mr. Barela also sought habeas relief based on a denial of equal protection. The district court granted a certificate of appealability on these claims, so we review them for the ultimate disposition.

The disposition largely turns on the remedies that Mr. Barela seeks for the alleged denial of equal protection. The remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (release from present confinement or attack future confinement); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (shorten confinement).

7

But Mr. Barela didn't seek any of these remedies for the denial of equal protection. He instead requested expungement of his disciplinary convictions, return of his personal property, reinstatement to his prior position in the dog program, different housing, prison employment, compensatory damages, and punitive damages. These are remedies available in a civil rights suit[2] but not in a habeas action. *See Preiser*, 411 U.S. at 494 (concluding that damages are available in civil rights suits, not habeas actions); *Davis v. Fox*, 701 F. App'x 715, 716 (10th Cir. 2017) (unpublished) (concluding that a claim for retaliatory impoundment of personal property cannot be brought in a habeas petition); *Palma-Salazar*, 677 F.3d at 1035–36 (concluding that habeas relief was unavailable to obtain a change in prisoner housing).[3]

As noted above, Mr. Barela also seeks expungement of his disciplinary convictions. Expungement could conceivably boost his

---

[2]     The district court declined to recharacterize the habeas action as a civil rights suit, and recharacterization could have saddled Mr. Barela with unintended consequences. For example, he would have had to pay a higher filing fee in district court. *See* 28 U.S.C. § 1914(a). And dismissal for particular reasons could have restricted future opportunities to proceed in forma pauperis. 28 U.S.C. § 1915(g). Mr. Barela doesn't challenge the district court's decision to leave the action as one for habeas rather than recharacterize the action as a civil rights suit.

[3]     Like a change in housing, reinstatement in the dog program and prison employment involve only changes in confinement conditions, not the duration of confinement. So reinstatement in the dog program and prison employment are not available habeas remedies.

8

chances for a discretionary remedy like commutation or parole. But these remedies are discretionary. See pp. 6–7, above (commutation); WYO. CONST. art. 3, § 53; WYO. STAT. ANN. § 7-13-402(2) (parole). Given the discretionary nature of these remedies, expungement wouldn't necessarily quicken Mr. Barela's release. So expungement wouldn't be an available remedy in this habeas action. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

\* \* \*

Given the unavailability of the requested remedies in a habeas action, we affirm the award of summary judgment on the equal-protection claims.

**4.      Violation of the State Constitution**

Mr. Barela also alleges violation of the state constitution. Parts of these allegations involved a denial of due process; parts involved a denial of equal protection. For all of these allegations, the district court awarded summary judgment to the respondent. We agree with this ruling because habeas relief cannot be based on violation of the state constitution. *Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989).

**5.      Conclusion**

We deny a certificate of appealability on the due-process claims and affirm the award of summary judgment to the respondent on the claims

9

involving a denial of equal protection and violation of the state constitution.

Entered for the Court


Robert E. Bacharach
Circuit Judge