**UNITED STATES of America, Appellee,**

v.

**William G. HANEY, Appellant.**

No. 82–2498.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1983.

Decided July 8, 1983.

Rehearing Denied Sept. 27, 1983.

Ronald D. Lahners, U.S. Atty., D. Nebraska, and Joseph F. Gross, Jr., Asst. U.S. Atty., Omaha, Neb., and Glen Sanborn, Legal Intern, for appellee.

James E. Schaefer, Omaha, Neb., for appellant.

Before BRIGHT and McMILLIAN, Circuit Judges, and NICHOL, Senior District Judge.*

PER CURIAM.

William G. Haney appeals the district court's denial of credit for time Haney

* FRED J. NICHOL, Senior District Judge for the District of South Dakota, sitting by designa-
tion.

spent in state custody while under a federal detainer. We conclude that Haney is entitled to credit because the Government failed to show that Haney's state incarceration was unrelated to his federal detainer.

## I. Background.

In April of 1982, Haney pleaded guilty to mail theft in violation of 18 U.S.C. § 1708. The federal district court sentenced Haney to four years' imprisonment, and ordered him to surrender himself to begin serving his sentence on May 4, 1982. Upon Haney's request, the district court postponed the surrender date to May 7, 1982. Haney failed to appear on that date. The federal authorities did not discover Haney's whereabouts until May 13, 1982, when Denver police arrested Haney for aggravated robbery. Federal authorities lodged a federal detainer against Haney the following day.

On August 5, 1982, Haney was convicted of robbery in Colorado. The Colorado state court sentenced Haney to four years in prison, to run concurrently with his federal sentence. Haney remained in confinement in Colorado until October 12, 1982, when the state released him to federal authorities pursuant to a writ of habeas corpus ad prosequendum to face the federal charge of failure to appear in violation of 18 U.S.C. § 3150. On November 19, 1982, Haney pleaded guilty to this charge and received a five-year sentence to run concurrently with his four-year sentence for mail theft. Haney requested credit against his federal sentence for the six months and six days he spent in state custody (from May 13, 1982 to November 19, 1982). The district court denied his request. Haney appeals from that aspect of the district court's sentencing decision.

## II. Discussion.

A federal prisoner's sentence does not commence until "such person is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568 (1976). However, a prisoner shall receive credit toward service of his federal sentence "for any days spent in custody in connection

with the offense or acts for which sentence was imposed." *Id.* Haney argues that his state custody in Colorado was "in connection with" his federal offense because the federal detainer lodged against him necessarily prevented his release on an otherwise bailable state offense.

We have held that "a prisoner denied release on bail by state authorities because of an outstanding federal detainer lodged against him is in custody in connection with a federal offense and entitled to credit against his federal sentence for the time spent in state custody." *Brown v. United States,* 489 F.2d 1036, 1037 (8th Cir.1974). The Government argues, however, that the burden is on the prisoner to show that release was possible and, that the federal detainer was the only reason release was denied. The Government contends that Haney may not take advantage of the *Brown* rule because Haney offered no evidence to the trial court to sustain this burden. The Government relies on Fifth Circuit decisions which impose upon the prisoner the burden of establishing that continued state confinement was exclusively the result of a federal detainer. *United States v. Shillingford,* 586 F.2d 372, 375 (5th Cir. 1978); *O'Connor v. Attorney General,* 470 F.2d 732, 734 (5th Cir.1972); *Ballard v. Blackwell,* 449 F.2d 868, 869 (5th Cir.1971).

We think that the cases cited by the Government misallocate the burden. We conclude that when federal authorities elect to file a detainer against a person taken into custody under an otherwise bailable state offense, those authorities should have the burden of establishing that the filing of the detainer was irrelevant under the circumstances to the state prisoner's continued pretrial custody for the state offense. A federal prisoner is presumptively entitled to full credit for his imprisonment in state prisons for an otherwise bailable offense while subject to a federal detainer. It may well be, as the Government argues, that Colorado may not have released Haney on bail because Haney had escaped federal custody, or that for some reason Haney could not have obtained release on bail from

the Colorado state courts. However, it was the burden of the prosecutor to establish that Haney could not have obtained pretrial release in Colorado absent the federal detainer. The Government failed to demonstrate that the federal detainer did not, in fact, produce Haney's extensive pretrial incarceration.

Accordingly, we reverse and remand to the district court with directions that Haney be credited on his federal sentence for time spent in state custody attributable to the federal detainer.

We observe that the facts of this case make this a particularly fair result. The Colorado state court, in sentencing Haney, specified that Haney's state sentence would run concurrently with his federal sentence.[1] Thus, if Haney is denied federal credit for his time in state custody, he will be effectively denied credit for serving time in a state institution.

As a final note, we must calculate the appropriate credit Haney should receive against his federal sentence as a result of his state incarceration and his pretrial detention by federal authorities. Two periods should be credited against Haney's federal sentence. First, Haney should be credited the time he spent in Colorado pretrial custody. This period begins on May 14, 1982, the date the federal detainer was lodged against him, and terminates August 5, 1982, the date Haney was convicted in state court. Second, Haney should be credited the time he spent in federal pretrial detention. This period begins on October 12, 1982, when state authorities released Haney to federal authorities pursuant to a writ of habeas corpus ad prosequendum, and ends November 19, 1982, when Haney pleaded guilty to federal charges. We note that Haney should not, however, be credited for that period from August 5, 1982 to October 12, 1982, the period during which Haney stood convicted of state charges but had not yet been released to federal authorities.

---

1. Although under 18 U.S.C. § 3568, a federal court may not make a federal sentence concurrent with a state sentence, *United States v. Degand*, 614 F.2d 176, 177 (8th Cir.1980), we

III. *Conclusion.*

Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.

know of no reason preventing the Colorado sentencing court from making Haney's state sentence concurrent with his federal sentence.