886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph A. GUTHAT, Defendant-Appellant.
 No. 89-1127.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief filed by appellant's attorney, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ralph A. Guthat appeals from his conviction obtained on his plea of guilty to two counts of making false statements to obtain a loan in violation of 18 U.S.C. Sec. 1014. Guthat was sentenced to two years imprisonment on one count, followed by three years probation on the other count. He was later sentenced to two years imprisonment for violating his probation.
 
 
 3
 On appeal, his counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967), as there is no valid basis for an appeal. Counsel has served Guthat with a copy of his motion to withdraw, and Guthat has asserted no other issues than those addressed below.
 
 
 4
 Upon consideration, we affirm the district court's judgment as Guthat was not entitled to have the district court give him credit against his federal sentence for the time he had been in prison on a state sentence during which there was a federal detainer on him for his probation violation. In essence, he claims that he should receive credit for that time merely because there was a federal detainer on him. His argument fails because a defendant is entitled to credit against a federal sentence for time spent in state custody only when the state custody is due to a federal detainer. See United States v. Haney, 711 F.2d 113, 114-15 (8th Cir.1983) (per curiam). Guthat did not allege that he would not have been in state custody for that time but for the federal detainer. Even if Guthat were entitled to credit for the time he had spent in state custody, the district court could not have given it to him at the time of sentencing. Application must first be made to the Attorney General and denied before a defendant can resort to the courts. See United States v. Berry, 814 F.2d 1406, 1410-11 (9th Cir.1987). Nothing in the record shows that Guthat satisfied this prerequisite, thus, his claim is meritless.
 
 
 5
 For these reasons, the motion to withdraw as counsel is hereby granted and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.