David E. BLOOMGREN, Petitioner–
Appellant,

v.

Anthony BELASKI, Warden; United
States Bureau of Prisons,
Respondents–Appellees.

No. 91–1069.

United States Court of Appeals,
Tenth Circuit.

Nov. 6, 1991.

David E. Bloomgren, pro se.

Michael J. Norton, U.S. Atty. and Stephen D. Shirey, Sp. Asst., U.S. Atty., Denver, Colo., for respondents-appellees.

Before McKAY, Chief Judge, SEYMOUR, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

David E. Bloomgren, a federal prisoner, brought this pro se petition for habeas corpus relief under 28 U.S.C. § 2241(a) (1988). Bloomgren contends that he should receive credit on his federal sentence for two periods of time during which he was incarcerated by the State of Wyoming. The district court referred the action to a magistrate, who issued a report and a recommendation that relief be granted. Upon objections to the report, the district court sent the case back to the magistrate for further proceedings. The magistrate then issued another report and recommendation that relief be denied. This report was adopted by the district court and Bloomgren appeals. We affirm in part and remand in part for further proceedings.[1]

Bloomgren was released from federal custody on an appeal bond on April 17, 1986. On May 26, 1986, while on federal bond, he was arrested by Wyoming state authorities on charges of disturbing the peace, resisting arrest, and attempting to cause bodily injury. On June 25, 1986, his federal appeal bond was revoked and a warrant issued for his arrest, directing that he be held without bond. The warrant was executed on September 3, 1986, when Bloomgren, who had remained in state custody after his May 26 arrest, was taken into federal custody.

Bloomgren asserts that he is entitled to credit for the period from June 25, 1986, when the warrant was issued, until September 3, 1986, when he was taken into federal custody. He relies on 18 U.S.C. § 3568 (1976), *repealed by* Comprehensive

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Crime Control Act of 1984, ch. II, § 212(a)(2), 98 Stat. 1987, which states that a federal prisoner shall be given "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." Bloomgren contends that the state charges which precipitated his arrest were bailable offenses and that he was denied bail due to the federal arrest warrant directing that he be held without bond.

"In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge. Courts have qualified this rule with an exception that applies 'if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one'. *Thus if a federal detainer were lodged against a prisoner about to be released from state custody, any days that the state held him beyond what would otherwise have been his release date, to await the arrival of the federal marshal, would be time served 'in connection with' his federal offense.*"

*United States v. Winter,* 730 F.2d 825, 826–27 (1st Cir.1984) (citations omitted) (emphasis added); *see also United States v. Harris,* 876 F.2d 1502, 1506 (11th Cir.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 569, 107 L.Ed.2d 382 (1989); *United States v. Haney,* 711 F.2d 113, 114 (8th Cir.1983); *Ballard v. Blackwell,* 449 F.2d 868, 869 (5th Cir.1971); *cf. Goode v. McCune,* 543 F.2d 751, 753 (10th Cir.1976) (no credit for time spent in state custody where state time was attributable to state charges only).

■ The magistrate stated that Bloomgren "was not entitled to release from state custody before he was transferred to federal custody." Rec., vol. I, doc. 26, at 3. However, no evidence or authority is cited in support of this statement and we have found none in the record. Moreover, nothing in the record indicates that the charges underlying Bloomgren's state arrest were not bailable offenses. The record contains no clear explanation for Bloomgren's continued state detention by the state other than the existence of the federal arrest warrant directing he be held without bond. *See* rec., supp. vol. I, at 6–7. We agree with the Eighth Circuit that

"[W]hen federal authorities elect to file a detainer against a person taken into custody under an otherwise bailable state offense, *those authorities should have the burden of establishing that the filing of the detainer was irrelevant under the circumstances to the state prisoner's continued pretrial custody for the state offense.* A federal prisoner is presumptively entitled to full credit for his imprisonment in state prisons for an otherwise bailable offense while subject to a federal detainer."

*Haney,* 711 F.2d at 114 (emphasis added). *But see Harris,* 876 F.2d at 1506 (burden on prisoner); *Shaw v. Smith,* 680 F.2d 1104, 1106 (5th Cir.1982) (same).

Although Bloomgren has served his federal sentence and was released on April 2, 1991, Appellee's Br. at 5, he is still subject to three years of supervised release, *id.* Accordingly, we remand for the lower court to ascertain and/or articulate the reason for Bloomgren's state incarceration from June 25, 1986, to September 3, 1986, and to reassess the record under the proper burden. If it is determined that he should have been given credit for the state time served, it should be credited against his supervised release time.

■ Bloomgren also contends that he is entitled to credit for the period from January 14, 1988, to October 25, 1988. On November 10, 1987, Bloomgren was sentenced in Wyoming state court on convictions for escape and assault and battery. The state court ordered these sentences to run concurrently with time to be served on Bloomgren's federal conviction, which became final on October 20, 1988. On January 11, 1988, Bloomgren requested that his federal bond be revoked and that he be allowed to begin serving his federal sentence. On January 14, the court discharged the bond but ordered that Bloomgren's request to begin serving his federal sentence be denied until he was taken into

federal custody. Federal authorities refused to take custody until Bloomgren was eligible for parole on his state sentence, which was set at October 27, 1988. Bloomgren was actually released to federal authorities on October 25.

Bloomgren thus served his federal sentence after his state sentence, rather than serving them concurrently as anticipated by the state court. Nonetheless, Bloomgren is not entitled to credit on his federal sentence for time spent incarcerated on the state charges. The federal government has no duty to take one in Bloomgren's situation into custody. *See Smith v. United States Parole Comm'n,* 875 F.2d 1361, 1364 (9th Cir.1989). The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction. *Cf. id.* (decision whether parole violator will serve second sentence consecutively to remainder of paroled sentence solely within discretion of Parole Commission); *Saulsbury v. United States,* 591 F.2d 1028, 1034 (5th Cir.) (same), *cert. denied,* 444 U.S. 857, 100 S.Ct. 118, 62 L.Ed.2d 77 (1979).

■ Finally, Bloomgren contends he is entitled to credit on his federal sentence while he was out on appeal bond. We disagree. The custody contemplated by 18 U.S.C. § 3568 does not include the time when a defendant is free on bond. *United States v. Woods,* 888 F.2d 653, 655 (10th Cir.1989), *cert. denied* 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990); *Ortega v. United States,* 510 F.2d 412, 413 (10th Cir.1975).

Accordingly, the judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The mandate shall issue forthwith.