974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome McCLINTON, Defendant-Appellant.
 No. 92-8008.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On January 9, 1992, the district court sentenced Jerome McClinton to serve nine months in prison for maliciously conveying false information to law enforcement officers in violation of 18 U.S.C. § 35(b) (1988). The sentence was entered upon Mr. McClinton's guilty plea and will expire later this summer. Mr. McClinton argues that the sentencing court failed to credit him fully for time served on a Louisiana state conviction, which would have resulted in his release. After considering the record, we disagree and affirm.
 
 
 3
 In May 1990, Mr. McClinton telephoned the police in Cheyenne, Wyoming and falsely told them that he had been approached by a Cheyenne resident who offered to pay him to shoot at a Greyhound passenger bus. Mr. McClinton apparently made this call in an effort to get the police to investigate the Cheyenne resident, who was his ex-wife. See rec., vol. II, at 12-13. His plan backfired, and a warrant for his arrest was issued on July 15, 1991. At that time, Mr. McClinton was completing a sentence in Louisiana state prison on an unrelated offense, and a federal detainer was served on him. He was eligible for parole on the state offense on August 13, 1991. Parole was denied on that date by the Louisiana authorities, assertedly in part because of the federal detainer. Appellant's Brief at 3. Mr. McClinton was taken by federal authorities to Wyoming in September. He ultimately pled guilty on November 21, 1991 to the federal charge against him. He was sentenced in January, 1992, at which time the district court gave him credit on his federal sentence for the time he was incarcerated after the expiration of his state sentence, November 14, 1991. Rec., vol. III, at 13.
 
 
 4
 Mr. McClinton bases his argument on this court's decision in Bloomgren v. Belaski, 948 F.2d 688 (10th Cir.1991). We held there that prisoners otherwise entitled to release from state custody, who are kept in state prison solely because of a federal detainer, are entitled to credit for state time served. Id. at 690. We held further that it is the burden of federal authorities to establish that the detainer was not the reason for the prisoner's continued detention. Id. Mr. McClinton argues that the authorities here failed to make such a showing and that remand is therefore required.
 
 
 5
 We need not remand, however, because it clearly appears from the record that the district court effectively credited Mr. McClinton for the time served after his parole was denied. At sentencing, the district court stated that "the basic recommendation in this case would be to split the guidelines.... And that would be twelve months. But I recognize the fact that you have been in prison since August. So there was a good two and a half months that you have served that you won't get federal credit for.... So I will give you a little credit up front for those." Rec., vol. III at 12-13 (emphasis added). The court then sentenced Mr. McClinton to nine months. Id. Thus, while Mr. McClinton was not given credit for time served in the formal sense, the district court's choice of sentence within the guideline range reflected the time Mr. McClinton had served since August.
 
 
 6
 Finally, we note that the record in this case differs substantially from that before us in Bloomgren. In that case, "[t]he record contain[ed] no clear explanation for Bloomgren's continued state detention other than the existence of the federal arrest warrant." 948 F.2d at 690. Here, the record reflects consideration by the parole board of Mr. McClinton's extensive criminal history. Indeed, the parole board decision form Mr. McClinton has presented to this court indicates five reasons for the denial of parole. In addition to the detainer, the parole board cited the serious nature of the offense, Mr. McClinton's record, his prior felony convictions, and an unsatisfactory probation history. See Addendum to Appellant's Brief. The decision whether to award parole is completely within the discretion of the state authorities, and nothing before us supports Mr. McClinton's assertion that but for the detainer he would have been paroled in August.
 
 
 7
 Accordingly, we AFFIRM the decision of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3