993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eric M. HAINEY, Petitioner-Appellant,
v.
W.A. PERRILL, Warden, FCI Englewood; Federal Bureau of
Prisons, Respondents-Appellees.
 No. 93-1104.
 United States Court of Appeals, Tenth Circuit.
 May 24, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, SETH and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Eric M. Hainey (Hainey), appearing pro se, having been granted leave to appeal in forma pauperis, appeals from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.
 
 
 3
 Hainey confessed to various unarmed bank robberies he had committed when he voluntarily surrendered to police in Attleboro, Massachusetts, on April 14, 1987. The following day he was arraigned on state charges and his bond was set at $400.00. FBI authorities interviewed Hainey and met with the state judge. As a consequence, Hainey's state bond was raised to $10,000. It is uncontroverted that while Hainey could have met the $400.00 bond, he could not post the $10,000 bond.
 
 
 4
 On August 14, 1987, after a federal detainer had been lodged, Hainey was sentenced by the state court to five years imprisonment, four months to be served which was deemed to have been served by virtue of Hainey's custody since April 14, 1987. The state court did not order a concurrent sentence. Hainey was then released on the federal detainer that same day, i.e., August 14, 1987.
 
 
 5
 In the district court and on this appeal, Hainey argues that he is entitled to 120 days of "Jail Time Credit" on his federal sentence covering the period April 15, 1987, through August 14, 1987, when he was detained by the State of Massachusetts pursuant to the federal detainer. He relies on Bloomgren v. Belaski, 948 F.2d 688 (10th Cir.1991).
 
 
 6
 The district court rejected the United States Magistrate Judge's recommendation that under 18 U.S.C. § 3568, as interpreted in Bloomgren, Hainey was entitled to the aforesaid credit on his federal sentence. The district court reasoned, and we agree, that because Hainey was given the full credit claimed on his state sentence, he is not entitled to concurrent federal credit. To grant Hainey credit for the time he served on an unrelated state sentence for an unrelated federal charge would constitute allowance of double credit. Hainey committed crimes against two sovereigns. While he is entitled to credit toward some sentence for every day spent in custody, he is not entitled to double credit unless the offenses are related. Jackson v. Attorney General, 447 F.2d 749 (5th Cir.1971).
 
 
 7
 We affirm for substantially the reasons set forth in the District Court's Order of Dismissal, a copy of which is attached hereto. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 92-M-2162
 
 9
 ERIC M. HAINEY, Petitioner,
 
 
 10
 v.
 
 
 11
 WILLIAM PERRILL, et al., Respondents.
 
 ORDER OF DISMISSAL
 
 12
 RICHARD P. MATSCH, District Judge.
 
 
 13
 This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 19, 1993, United States Magistrate Judge Richard M. Borchers filed a recommendation that the petition be granted to the extent that the petitioner be given 120 days credit on his sentence, representing the time that he was in custody in Massachusetts. The Magistrate Judge found that the defendant was before a Massachusetts court on an offense for which he was granted a $400 cash bond until FBI authorities intervened and that the state court raised the bond to $10,000. Because of that intervention and the filing of a federal detainer for bank robbery charges in Minnesota, the petitioner was unable to post the higher bond and remained in state custody. Ultimately, on August 14, 1987, he was sentenced by the state court to five years imprisonment, four months to serve, which was deemed to have been served by the period of custody which is in issue. The state court did not order a concurrent sentence. The petitioner was then released to the federal detainer on August 14, 1987.
 
 
 14
 Upon these facts, the Magistrate Judge concluded that under 18 U.S.C. § 3568, as interpreted in Bloomgren v. Belaski, 948 F.2d 688 (10th Cir.1991), the petitioner is entitled to credit on his federal sentence because his continuing custody was the result of federal action in connection with the bank robbery offenses. The Magistrate Judge misapprehends the law. Here, different from Bloomgren, the petitioner was given full credit on his state sentence and he is not entitled to concurrent credit. That is also the teaching of the Bloomgren case. Accordingly, it is this court's conclusion of law that the time in state custody which is an issue in this case was not time served in connection with the federal offense. The Magistrate Judge's recommendation is rejected. Accordingly, it is
 
 
 15
 ORDERED that the petition for writ of habeas corpus is denied and this civil action is dismissed.
 
 Dated: March 12, 1993
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3