**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWIN KINDELL THOMAS,

      Plaintiff-Appellant,

v.

H.A. LEDEZMA, Warden,

      Defendant-Appellee.

No. 08-6219
(D.C. No. 5:08-CV-00440-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Edwin Thomas is a federal prisoner serving an 84-month sentence for

possession of a firearm. He seeks credit toward his federal sentence for time

previously served on a Texas state sentence. Initially, he attempted to obtain this

credit by pursuing his administrative remedies within the prison system. When

that proved unsuccessful, he brought this 28 U.S.C. § 2241 petition for writ of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas corpus.[1]  The district court granted summary judgment in favor of his

custodian, Warden H.A. Ledezma, finding that the uncontroverted evidence

demonstrated that Mr. Thomas had already received all of the credit to which he

was entitled.  We affirm.

## BACKGROUND

This procedurally-complex case involves the interaction and computation of

three different sentences.  Accordingly, we will carefully detail the relevant facts

before proceeding to our analysis of the issues.

Mr. Thomas received the first of his three sentences (No. 20,996-85) from

Brazos County, Texas in 1992, when he was sentenced there to fourteen years'

incarceration for possession of cocaine.  He began serving time toward this

sentence on September 25, 1991 and remained incarcerated for nearly six years

until July 2, 1997, when Brazos County released him on parole.[2]

He was free after that for about fifteen months, until September 18, 1998,

when he was arrested by Burleson County, Texas authorities on drug and firearms

_____

[1]    The district court treated his habeas petition as one brought under
28 U.S.C. § 2254, which requires a certificate of appealability (COA) to proceed
on appeal.  *See* 28 U.S.C. § 2253(c).  But since the petition challenges the
execution of his sentence, it is more properly viewed as a § 2241 petition.
Section 2241 appeals by federal prisoners like Mr. Thomas do not require a COA.
*See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[2]    Mr. Thomas was not actually sentenced in Brazos County until June 3,
1992, but he was incarcerated beginning on September 25, 1991, the date of his
arrest.  The service of his sentence is counted from the earlier date.

charges.  He was released on bond the next day.  This arrest ultimately resulted in his other two sentences:  a federal sentence for possession of a firearm by a felon, and a Burleson County state sentence for controlled substance charges.

Six days later, on September 25, 1998, he was re-arrested for violating the terms of his Brazos County parole.  He remained in jail from September 25, 1998 through November 27, 1998, pending disposition of the Burleson County charges.  On November 28, 1998, the Texas Department of Criminal Justice (TDCJ) re-commenced his service of his Brazos County sentence, though his parole had not yet officially been revoked.

On December 10, 1998, Mr. Thomas was "borrowed" via a writ of habeas corpus ad prosequendum (HCAP) from state detention in Burleson County to be prosecuted by federal authorities.  On April 9, 1999, based on his guilty plea, he was sentenced to 84 months' incarceration by the Federal District Court for the Western District of Texas for possession of a firearm by a felon.  The federal judgment was silent concerning whether it would run concurrently or consecutively to any sentence to be imposed in Burleson County as a result of Mr. Thomas's September 18, 1998, arrest.

Mr. Thomas was returned to the custody of Burleson County on April 21, 1999.  He was subsequently charged in that county with unlawful possession of a firearm (enhanced) (Case No. 11,902) and possession of a controlled substance (enhanced) (Case No. 11,903).  On July 7, 1999, he pleaded guilty to possession

of a controlled substance (Case No. 11,903) and was sentenced in Burleson County to another fourteen-year sentence. The charge in Case No. 11,902 was dismissed as part of the plea agreement.

On August 11, 1999, Brazos County officially revoked Mr. Thomas's parole. He was ordered to serve the remainder of his fourteen-year sentence in Case No. 20,996-85.[3]

Mr. Thomas subsequently filed a state habeas corpus petition, contending that his guilty plea in Burleson County had been involuntary. He noted that his Burleson County plea agreement had included a provision that his state sentence would run concurrently with his federal sentence. *See* R. at 138.[4] In spite of this provision in his state plea agreement, he contended, the federal authorities had refused to credit him with time he was serving in Burleson County. On October 26, 2005, the Texas Court of Criminal Appeals (TCCA) determined, per curiam, that Mr. Thomas was entitled to relief based on the involuntary nature of his plea. Accordingly, it set aside the judgment based on the guilty plea in Case

---

[3] He was determined to be "out of custody" (and hence, received no credit towards his Brazos County sentence) during the 513 days that elapsed between July 3, 1997 (the day after he was paroled) and November 27, 1998 (the day prior to the recommencement of his Brazos County sentence).

[4] The judgment on his guilty plea provided, generically, that it would run "CONCURRENT UNLESS OTHERWISE SPECIFIED" but said nothing specifically about the federal sentence. R. at 139.

-4-

No. 11,903, and remanded to permit Mr. Thomas to answer the Burleson County charges against him.

On December 12, 2005, Mr. Thomas was transferred from the TDCJ to Burleson County to face charges. Rather than re-prosecute him, however, on December 29, 2006, the state moved in the district court in Burleson County to dismiss Cases 11,902 and 11,903, on the basis that Mr. Thomas had been convicted in the federal case based on the same incident. On January 18, 2007, his Burleson County sentence was dismissed in favor of his federal sentence.

Meanwhile, on April 3, 2006, Mr. Thomas had posted bond in Burleson County based on the TCCA decision. On April 5, 2006, he was released in error to the United States Marshals for service of his federal sentence. In fact, he was still serving time on his fourteen-year Brazos County sentence and should have finished that sentence before being released to federal custody. On April 27, 2006, he was moved (again, in error) to the custody of the Bureau of Prisons (BOP) at the Federal Correctional Institution (FCI) in Three Rivers, Texas.

The BOP prepared a sentence computation that showed Mr. Thomas began serving his federal sentence on April 5, 2006, when his custody was transferred to the federal marshals. As part of the BOP's computation, he was credited with time served toward his federal sentence for two time periods: the time between his initial arrest by Burleson County authorities on September 18, 1998, until his release the next day on bond, and the time he spent in jail in Burleson County

from September 25, 1998 through November 27, 1998, as this time had not previously been credited to his Brazos County sentence.

On December 14, 2006, Mr. Thomas was paroled from his fourteen-year Brazos County sentence. He continues to serve his federal sentence.

Mr. Thomas began exhausting his administrative remedies with the BOP in October 2006. He contended that his federal sentence should have been run concurrently to his state sentences; that he had been serving his federal sentence since its imposition; and that he had therefore completed his federal sentence and was entitled to immediate release. His administrative appeals were denied. But when he reached the national level, the BOP considered his request for sentencing credit as a request for nunc pro tunc (NPT) designation of his federal sentence to run concurrently with the Burleson County sentence, a matter that the federal court had never expressly resolved in its sentencing.

On July 10, 2007, the BOP wrote to Judge Sparks, the judge who had sentenced Mr. Thomas in the Western District of Texas, asking him to state his position with respect to a retroactive designation of Mr. Thomas's federal sentence to run concurrently with the Burleson County sentence. Judge Sparks responded that he could think of no reason not to run the sentences consecutively and that he would not recommend a concurrent designation.[5] The BOP

---

[5]    Judge Sparks noted:

(continued...)

subsequently denied Mr. Thomas's request for a NPT designation. He is now serving time on his federal conviction at the FCI in El Reno, Oklahoma. His anticipated release date from federal custody is June 3, 2012.

## ANALYSIS

We review the district court's legal conclusions in denying Mr. Thomas's habeas claims de novo, *see Weekes v. Fleming*, 301 F.3d 1175, 1176-77 (10th Cir. 2002), and its factual findings for clear error, *Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998). In his pro se briefing, Mr. Thomas makes three basic arguments: (1) he should have begun serving his federal sentence as soon as it was imposed; (2) he should have received credit toward his federal sentence for the time he spent on his Burleson County state sentence; and (3) his Texas state sentences should have been run concurrently, not consecutively, with his federal sentence. We will consider each of these arguments in turn.

---

[5](...continued)

> Edwin Thomas is a person addicted both to drugs and criminal conduct. At the time I sentenced him, he was thirty years old and already had perfected a criminal history of VI under the Sentencing Guidelines. His guideline range was 84 to 105 months. He was sentenced at the bottom of the guidelines because of his drug addiction [a]ffecting his personal and criminal conduct while out of the penitentiary.

> A review of this case will confirm that Mr. Thomas was arrested possessing marijuana and crack cocaine, along with two pistols and one shotgun all within reach of his vehicle.

R. at 101.

### 1. Time Federal Sentence Began

Mr. Thomas argues that he began serving his federal sentence on April 9, 1999, the date he was sentenced in federal court, rather than on April 5, 2006, when he was transferred from state custody to the custody of federal marshals. His argument appears to rest on the fact that his Burleson County sentence was not imposed until July 7, 1999, *after* his federal sentence came into existence and (according to his theory) he had been serving time on the federal sentence for nearly three months. He adds that the district court misconstrued his argument, which is that the later-imposed Burleson County sentence ran concurrently *to the federal sentence*, and not vice versa.

This analysis fails to take into account the effect of the Brazos County sentence, which the TDCJ re-commenced on November 28, 1998, *before* Mr. Thomas was sentenced in the federal case. After his federal sentence was imposed, he was returned to state custody, still serving a state sentence from Brazos County. Any time he served before being transferred to Burleson County custody was thus state time, not federal time.

Also, although the federal sentence was imposed prior to his Burleson County sentence, under the applicable law his federal time did not actually begin to run until he was taken into federal custody, which only occurred on April 5, 2006. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006) (holding that "[a] federal sentence does not commence until a prisoner is actually

-8-

received into federal custody for that purpose."); *see also* 18 U.S.C. § 3585(a).[6]

Finally, we note that the federal authorities had no duty to take him immediately into custody before he had completed the service of his state sentences. *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991); *see also Weekes*, 301 F.3d at 1180 ("The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant.").

### 2. Credit for Time Served

Mr. Thomas also argues that he was entitled to credit against his federal sentence for time he spent incarcerated on his Burleson County sentence. The district court found that he had already received credit for this time against his Brazos County sentence, and that awarding him credit against the federal sentence as well would constitute impermissible double credit. We agree.

The applicable statute reads as follows:

(b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

---

[6] The temporary federal custody pursuant to the HCAP did not "begin" the service of Mr. Thomas's sentence, because he was surrendered back to state custody without having been received at a federal penal institution for service of his federal sentence. *See Weekes*, 301 F.3d at 1179-80.

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Against this theory, Mr. Thomas argues that the time he spent on his Burleson County sentence was not, in fact, credited against his Brazos County sentence because the Burleson County sentence was ultimately overturned by the TCCA. He cites no authority for this proposition, which defies logic. He fails to show that the ultimate disposition of the Burleson County sentence has anything to do with whether time he spent serving it was credited to his Brazos County sentence. He also presents no evidence to rebut the warden's evidence that he received full credit.

### 3. Concurrent vs. Consecutive Sentencing

Finally, Mr. Thomas argues that his federal and Burleson County sentences should have been run concurrently, not consecutively. Federal law is to the contrary. *See* 18 U.S.C. § 3584(a) (stating that "[m]ultiple terms of imprisonment imposed at different times run *consecutively* unless the court orders that the terms are to run concurrently." (emphasis added)). The federal district court that sentenced Mr. Thomas made no determination that the federal term would run concurrently with the pending state sentence. But when later asked whether the sentences should run concurrently, the federal sentencing judge indicated that

they should not. The BOP subsequently denied NPT concurrent sentencing designation.

Mr. Thomas argues, however, that the sentences should run concurrently because that is what he agreed to in his state plea agreement. But as we recently explained in a factually similar case, "[a]lthough [Mr. Thomas's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which runs consecutively to, not concurrently with, the state sentence. *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.) (citing *Bloomgren*, 948 F.2d at 691) (holding that whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.")), *cert. denied*, 129 S. Ct. 430 (2008).

The judgment of the district court is AFFIRMED. Mr. Thomas's motion to proceed on appeal in forma pauperis is GRANTED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

-11-