# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2010

Charles R. Fulbruge III
Clerk

No. 09-50645
Summary Calendar

STEVEN REYNALDO PEREZ,

Petitioner-Appellant

v.

HARLEY G. LAPPIN, Director, Federal Bureau of Prisons,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-409

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Reynaldo Perez, currently Texas prisoner # 1514617, has filed an application for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his 28 U.S.C. § 2241 petition. Perez is currently serving a 60-year state sentence for murder, and he is also subject to a consecutive two-year sentence for revocation of his federal supervised release. In his § 2241 petition, Perez challenged the failure of the Bureau of Prisons (BOP) to credit his federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence for the approximately 16 months he served in state jail between his arrest and the revocation proceedings.

A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Perez is unable to make the requisite showing as to the latter requirement. The Attorney General, through the BOP, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their federal sentences. *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992). "[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added).[1] Because the state officials have credited the pertinent time against Perez's 60-year sentence, Perez is not entitled to credit against his federal sentence.

Perez also asserts that the district court's delay in holding revocation proceedings deprived him of a fair trial and of the presumption of innocence. He maintains that if he had been released on bond pending his state proceedings, he would not have been convicted on the murder charge. Additionally, Perez contends that the federal sentencing judge improperly imposed consecutive sentences and engaged in a conspiracy with state court actors to cause his conviction and extend his incarceration. Because such claims do not constitute a challenge to the execution or calculation of a federal sentence, they are not properly raised under § 2241. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).

Perez thus has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to

---

[1] The italicized portion was added after the time of the decision in *Bloomgren v. Belaski*, 948 F.2d 688, 690 (10th Cir. 1991) , a Tenth Circuit opinion upon which Perez relies.

proceed IFP on appeal, and we DISMISS Perez's appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.