**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MINOR MICHAEL STILL,

       Petitioner-Appellant,

v.

KEVIN MILYARD, Warden,

       Respondent-Appellee.

No. 09-1295
(D.C. No. 1:09-CV-00461-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

Minor Michael Still filed a pro se habeas corpus application under

28 U.S.C. § 2241 against Kevin Milyard, warden of the state correctional facility

in which Mr. Still is incarcerated. He contended that his state sentence is being

executed in violation of his constitutional rights. The district court denied relief

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Mr. Still seeks a Certificate of Appealability (COA) in order to appeal that decision. We deny his request for a COA and dismiss the appeal.

## I.

In May 2007, Mr. Still was paroled from a two-year sentence he had served in the Colorado Department of Corrections (CDOC). At that time he was subject to a federal detainer on an unrelated 36-month federal sentence. But rather than being taken into federal custody, he was transferred to the custody of Jefferson County, Colorado, due to an outstanding warrant on another state offense. Mr. Still pled guilty to the Jefferson County charge and was sentenced to a five-year term of imprisonment, which the court ordered to be served concurrently with his previously imposed 36-month federal sentence.

After sentencing in Jefferson County, Mr. Still was returned to CDOC where he is currently serving his five-year state sentence. But Mr. Still wants to be transferred to federal custody to begin serving his federal sentence, in order to give effect to the Jefferson County court's order for concurrent sentences. He states that CDOC does not object to such a transfer. CDOC has further represented that it will give him credit on his five-year state sentence for any time he serves in federal custody. The problem, according to Mr. Still, is that the United States Marshals Service refuses to take him into custody until he has served his full five-year state sentence in CDOC.

Mr. Still previously filed state-court petitions against state authorities, none of which resulted in him obtaining the relief he seeks. In March 2009 he filed this § 2241 petition, asserting violations of his Fifth, Eighth, and Fourteenth Amendment rights by CDOC's failure to properly execute his current state sentence.[1] The crux of Mr. Still's claim is that CDOC is forcing him to serve his state and federal sentences consecutively, rather than concurrently. The district court denied relief, stating:

> Mr. Still's main concern is that he be allowed to serve his state and federal sentences concurrently rather than consecutively. It appears that the real obstacle Mr. Still faces in serving his state and federal sentences concurrently is that his federal sentence has not commenced. However, Mr. Still cannot force federal prison officials to commence his federal sentence by challenging the execution of his state sentence in this habeas corpus action against a state official. If Mr. Still wishes to pursue a claim challenging the execution of his federal sentence, he must pursue that claim in a habeas corpus action against an appropriate federal respondent. Although it is not clear whether Mr. Still may be entitled to habeas corpus relief with respect to the execution of his federal sentence, such relief is not available in the instant action because he is challenging here only the execution of his state sentence.

R. at 112-13 (citation omitted). The district court also denied Mr. Still a COA and leave to proceed in forma pauperis on appeal.

---

[1] Mr. Still's initial § 2241 petition challenged both his state and federal sentences. After the district court ordered him to file an amended petition raising either his state or his federal claims, he dropped his federal claims from this action. He subsequently filed a separate petition challenging the execution of his federal sentence. *See Still v. Herndon*, No. 1:09cv01326-MSK-KLM (D. Colo. filed June 8, 2009).

**II.**

A challenge to the execution of a state sentence is properly brought under § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). But as a prisoner whose detention arises out of process issued by a state court, Mr. Still must obtain a COA in order to appeal the denial of his § 2241 habeas petition. *See id.* "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Still "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

Mr. Still has not demonstrated a basis for this court to grant a COA in this matter. His claim does not relate to the execution of his state sentence, and he fails to show how any state authority could provide him the relief he seeks with respect to his federal sentence. Indeed, commencement of a federal sentence is controlled by federal statute. *See* 18 U.S.C. § 3585(a). Moreover, even when a state court imposes a state sentence to be served concurrently with a federal sentence, commencement of the federal sentence remains a matter of federal authority. *See United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.) (state court order providing for concurrent service of state and federal sentences cannot alter federal court sentence), *cert. denied*, 129 S. Ct. 430 (2008); *Bloomgren v.*

-4-

*Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that [petitioner's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."). Thus, Mr. Still has made no substantial showing of the denial of a constitutional right with respect to the execution of his state sentence.

### III.

For the foregoing reasons, we DENY Mr. Still's request for a COA and DISMISS the appeal. In addition, we DENY Mr. Still's request to proceed on appeal in forma pauperis.

Entered for the Court

Bobby R. Baldock
Circuit Judge