FILED
United States Court of Appeals
Tenth Circuit

September 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MINOR MICHAEL STILL,

      Petitioner-Appellant,

v.

MARY HERNDON, Administrative
Service, U. S. Marshal, Colorado; KEN
DEAL, Deputy United States Marshal,
Colorado; HARLEY LAPPIN, Director,
Federal Bureau of Prisons,

      Respondents-Appellees.

No. 11-1463

(D.C. No. 1:09-CV-01326-WJM-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Minor Still, a federal prisoner appearing pro se, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for federal habeas relief. Still's petition alleged, in pertinent part, that the Federal Bureau of Prisons (BOP) violated his constitutional rights by denying him credit on his federal sentence for time served in Colorado state custody. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 1998, Still was convicted in the District Court for the City and County of Denver (Colorado) on two counts of being an habitual criminal and one count of theft, and was sentenced to a total of nine years' imprisonment. ROA, Vol. 1, at 104. In 2004, Still escaped from the custody of the Colorado Department of Corrections (CDOC), but was eventually arrested and charged with attempt to escape, in violation of Colo. Rev. Stat. § 18-8-208.1(1). Id. at 100, 109. On March 28, 2005, Still pled guilty to that charge in the District Court for the City and County of Denver, and was sentenced to a term of imprisonment of two years, to run consecutively to the term of imprisonment he was already serving with the CDOC. Id. at 100.

Shortly thereafter, Still was charged in federal district court in Colorado with falsely impersonating an Internal Revenue Service employee, in violation of 18 U.S.C. § 912. Id. at 101, 137. Still pled guilty to that charge and, on or about June 24, 2005, was sentenced to a term of imprisonment of 36 months. Id. At the conclusion of the federal sentencing hearing, the presiding judge directed the United States Marshals Service (USMS) to transport Still "as soon as practicable, with all deliberate speed to the [BOP]."

Id. at 106. On or about June 27, 2005, however, Still was returned to the custody of the CDOC, and the federal district court judgment was filed as a detainer by the USMS. Id. at 64, 73, 106, 178.

On October 13, 2005, Still filed a petition for federal habeas relief, arguing that his 36-month federal sentence had been ordered to run concurrently with his pending state sentences. On December 20, 2005, the federal district judge who imposed the 36-month sentence on Still issued an order denying Still's federal habeas petition. In doing so, the judge stated: "I have not ordered that Still's 36-month federal sentence be served concurrently with any of his pending state sentences." Id. at 104. Continuing, the judge stated: "My direction that Still be transported as soon as practicable and with all deliberate speed to the [BOP] [wa]s . . . subject to Still's previously imposed state sentences. [And] [u]nder the [applicable] law . . . , it is not practicable for Still to begin serving his federal sentence until he has served his previously imposed state sentences." Id. at 108.

On May 6, 2007, Still was paroled from the custody of the CDOC to the custody of law enforcement officials representing Jefferson County, Colorado, "due to a pending criminal case in Jefferson County District Court." Id. at 137. On June 25, 2007, Still pled guilty in the District Court of Jefferson County to one count of theft, and was sentenced to a five-year term of imprisonment in the custody of the CDOC, to run concurrently with the 36-month federal sentence imposed on June 24, 2005. Id. at 137-38, 150. Still was then returned to the custody of the CDOC to begin serving that five-

3

year sentence. Id. at 138.

Still attempted on three separate occasions to obtain a state court order effectively directing the CDOC to release him to the custody of the BOP. First, Still filed with the District Court of Jefferson County a "Motion for Amended Mittimus." Id. at 151. That motion was denied on July 26, 2007. Id. On August 23, 2007, Still filed a petition for state habeas relief in the District Court of Logan County (Colorado), claiming that he was being held illegally by the CDOC and that he was entitled to be released immediately to the custody of the BOP. Id. Still's petition was dismissed on August 24, 2007, and the Colorado Supreme Court subsequently affirmed the dismissal. Id. Finally, Still filed with the District Court of Jefferson County a "Petition for Writ of Mandamus." Still's petition was denied on October 18, 2007, and Still was advised at that time that if he "wishe[d] to challenge . . . the location of his imprisonment, such motions need[ed] to be filed through the Federal Court." Id. at 152.

Still then turned directly to the BOP for relief. On January 3, 2008, Still filed with the BOP "a Request fo[r] 'nunc pro tunc' status designation as the Colorado Department of Corrections as [his] place of confinement for service of the thirty six (36) months [federal] sentence imposed on June 2[4], 2005." Id. at 58. On October 30, 2009, the BOP sent a letter to Still stating that it had "consider[ed his] request for credit . . . as a request for a retroactive (concurrent) designation," id. at 178, and had concluded that "commencement of [his] federal sentence by way of a concurrent designation [wa]s not consistent with [BOP] policy or federal statu[tes]," id. at 179. The BOP explained:

4

Your federal sentence was imposed after you were already in service of another term. The federal court was silent. The [BOP] interprets this as a consecutive sentence. Your federal sentence will commence on the date you are paroled from state custody and are available for service of your federal sentence pursuant to 18 U.S.C. 3585(a).

Id.

On June 8, 2009, Still initiated these federal habeas proceedings by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming as respondents two officials from the USMS and one official from the BOP.

On February 1, 2011, while his petition remained pending, Still notified the district court that on February 3, 2011, he would be released from the custody of the CDOC into the custody of the BOP to begin serving his 36-month federal sentence. Id. at 246. On February 22, 2011, the parties filed a joint status report confirming that Still was in the custody of the BOP.

On April 4, 2011, the magistrate judge assigned to the case issued an order directing respondents to provide the court with a status report regarding "whether the BOP ha[d] considered granting [Still] credit towards the completion of his federal sentence for the time he served on [the] five-year sentence" that was imposed in the District Court of Jefferson County on June 25, 2007. Id. at 221-22. On April 13, 2011, respondents filed a supplemental status report stating that the BOP "ha[d] not addressed any request for nunc pro tunc designation as it relate[d] to [Still]'s state sentence that was imposed after his federal sentence." Id. at 225-26. Respondents advised, however, that the BOP had begun "that process and w[ould] complete its review as soon as it receive[d]

5

any input from [the federal district judge] who sentenced [Still]." Id. at 226. More specifically, respondents advised that "on April 8, 2011, the [BOP] sent a letter to [the federal district judge] regarding whether [Still]'s state institution should be retroactively designated as a federal institution for service of [Still]'s federal sentence." Id. at 226-27.

On April 18, 2011, the magistrate judge issued a written order recommending that Still's petition be denied. Id. at 234. The magistrate judge concluded that the first claim in Still's petition, which sought relief in the form of a transfer of Still from the custody of the CDOC to the BOP, had been rendered moot by Still's completion of his Colorado state sentences and his subsequent transfer to BOP custody. Alternatively, the magistrate judge concluded that, because "[t]here is no constitutional or statutory requirement that a person who has been held in temporary federal detention pending resolution of his federal criminal case while also subject to undischarged state sentences must immediately begin serving his federal sentence as soon as it is imposed," id. at 247, and because "[t]he issue of maintaining custody of a person who is subject to both state and federal restraints on his liberty is a matter of comity between the state and the federal government," id. (internal quotation marks omitted), "Respondents did not violate [Still]'s constitutional rights on June 27, 2005 by remanding him to the custody of CDOC to serve his state sentences . . . instead of retaining custody so that he could immediately begin serving his 36-month federal sentence," id. at 249.

As for the second claim in Still's petition, which asserted that Still's constitutional rights were violated by the BOP's failure to make a nunc pro tunc designation of CDOC

facilities as the place of service of Still's federal sentence beginning on June 27, 2005, the magistrate judge noted that federal law and the record before it established that Still's "36-month federal sentence was to be served <u>consecutive</u> to the completion of [Still's] state sentences." <u>Id.</u> at 251 (emphasis in original). Consequently, the magistrate judge concluded, the "BOP was not required to designate CDOC facilities as the place of service of the federal sentence at the time [Still] was remanded to CDOC custody on June 27, 2005," <u>id.</u>, and Still's "constitutional rights were not violated," <u>id.</u> at 252.

Lastly, the magistrate judge rejected the third claim in Still's petition, which alleged that the BOP had violated his due process rights by "refus[ing] to consider his request that CDOC facilities be designated, nunc pro tunc, as the place of service of his 36-month federal sentence beginning on June 25, 2007," the date on which his most recent Colorado sentence was imposed. <u>Id.</u> at 256. "The only relief available" to Still on this claim, the magistrate judge concluded, was "an order directing BOP to examine and consider a prisoner's request for nunc pro tunc designation." <u>Id.</u> at 258. In turn, the magistrate judge concluded that the claim for relief was moot because, according to respondents' supplemental status report, the BOP "ha[d] . . . begun the process of considering whether [Still] should receive credit toward the completion of his federal sentence for the time he served on his five-year state sentence" imposed on June 25, 2007, and as part of this consideration had contacted the federal sentencing court on April 8, 2011, seeking its position on the issue. <u>Id.</u> at 257. "Accordingly," the magistrate judge concluded, "the Court [could not] grant [Still] any relief on his third claim." <u>Id.</u> at 258.

The magistrate judge did, however, recommend that this third claim be dismissed without prejudice and Still "be permitted to reassert his . . . claim in the event that BOP fail[ed] to complete as promised its consideration of whether he should receive credit toward the completion of his federal sentence for the time served on his [five-year] state sentence" imposed on June 25, 2007. Id. at 259.

On June 17, 2011, respondents filed a status report notifying the court that the BOP "ha[d] completed its review of [Still]'s request for nunc pro tunc designation as it relate[d] to [his] state sentence that was imposed after his federal sentence," and had "concluded that [Still]'s request should be denied." Id. at 298. Respondents explained that the BOP, in reaching this conclusion, had considered, as required by 18 U.S.C. § 3621(b), "the nature and circumstances of [Still's federal] offense," as well as "the history and characteristics of [Still]," including his "prior criminal history." Id. at 304. Respondents also noted that the federal sentencing court had not responded to the BOP's request for input on the matter. Id.

On September 26, 2011, the district court adopted in part and rejected in part the magistrate judge's recommendation. Id. at 324. To begin with, the district court noted that Still did not object to the magistrate judge's recommendation that Still's first claim for relief be dismissed with prejudice. Id. at 331. Consequently, the district court "adopt[ed] the Recommendation as the findings and conclusions of the Court with relation to [Still]'s first claim." Id. Similarly, the district court noted that Still "did not provide a specific objection to th[e] portion of the Magistrate Judge's Recommendation"

8

concerning Still's second claim for relief, and consequently "adopt[ed] the Recommendation as the findings and conclusions of the Court with relation to [that] claim." Id. at 332.

As for Still's third claim for relief, the district court noted that, following issuance of the magistrate judge's recommendation, the BOP had denied Still's request for an order "designat[ing], nunc pro tunc, CDOC facilities as the place of service of his 36-month federal sentence beginning on June 25, 2007." Id. "Given these changed circumstances," the district court concluded that "the factual predicate for the Magistrate Judge's ruling on th[e] claim no longer obtain[ed]," thus requiring it to "conduct its own de novo review of [Still]'s third claim for relief." Id. at 333. And, after considering Still's third claim on the merits, the district court concluded that it lacked "jurisdiction to order the BOP to designate, nunc pro tunc, [Still]'s time served on his five-year sentence in CDOC custody as the place of his federal confinement." Id. at 336. "Because [it] lack[ed] authority to provide the relief requested in [Still]'s third claim," the district court concluded that the "claim must be dismissed with prejudice." Id. Ultimately, the district court dismissed all three claims with prejudice and denied Still's petition in its entirety. Id. at 337.

Final judgment was entered in the case on September 30, 2011. Still filed a timely notice of appeal, as well as a motion for leave to proceed on appeal without prepayment of costs or fees. The district court denied Still's motion. Still has now filed a similar motion with this court.

9

II

On appeal, Still contends that the district court erred in dismissing each of the three claims alleged in his federal habeas petition. Generally speaking, in reviewing a district court's denial of a § 2241 habeas petition, "we review legal issues de novo, and factual findings for clear error." United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). Because Still is proceeding pro se, we construe his pleadings liberally. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

We can readily dispose of the first two claims in Still's petition because, as noted by the district court, Still failed to object to the portions of the magistrate judge's recommendation regarding those claims. As a result of Still's failure in this regard, he has waived appellate review of the factual and legal questions raised in those claims. See Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions.").

That leaves only the third claim raised in Still's petition. As we have noted, Still alleged in that claim that the BOP violated his due process rights by failing to consider whether he was entitled to a retroactive, or nunc pro tunc, designation of CDOC facilities as the place of service of his 36-month federal sentence beginning on June 25, 2007 (the date on which he was sentenced in the District Court of Jefferson County, Colorado, to five years' imprisonment in the custody of the CDOC). The district court determined,

10

and the record on appeal confirms, that during the pendency of the district court proceedings the BOP considered and rejected on the merits Still's request for such retroactive designation under the standards outlined in 18 U.S.C. § 3621(b).  The BOP based its decision on three primary factors: the seriousness of the federal offense for which Still was convicted; Still's lengthy criminal history; and the fact that the federal district court that sentenced Still declined to weigh in on the issue.

In light of the BOP's action in this regard, there is simply no basis upon which the district court could have granted Still federal habeas relief under § 2241.  Because the BOP exercised the discretion afforded to it under § 3621(b) and denied Still's request for retroactive designation, the due process violation alleged by Still has been rendered moot.  See generally U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (discussing "[t]he 'personal stake' aspect of [the] mootness doctrine").  Moreover, although Still clearly disagrees with the BOP's decision, that disagreement does not give rise to any basis upon which the district court could grant him federal habeas relief.  See Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991) (holding that the determination of whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction").

The judgment of the district court is AFFIRMED.  Still's motion for leave to to

proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge